## TREES v. EAKIN and Others.

Trespass. After the evidence was closed and the argument concluded, but before the jury retired, leave was granted to enter a *nol. pros.* as to two minor defendants, for whom no guardian *ad litem* had been appointed, and to amend the complaint accordingly. Thereupon the remaining defendants moved for leave to examine them as witnesses, but the motion was overruled.

*Held*, 1. That the motion to enter a *nol. pros.* was, in effect, a motion for leave to amend by striking out the names of the infants, and was correctly sustained under section 99 of the practice act.

2. The words "at any time," in that section, are equivalent to the words "at any time before the jury retire to consult of their verdict."

3. The evidence being closed, and the case on argument before the jury, it was discretionary with the Court to admit or reject the proposed witnesses; and there being nothing in the record to show that their rejection was an abuse of discretion, it must be presumed that they were properly rejected.

APPEAL from the *Hancock* Circuit Court.

DAVISON, J.—The appellant was the plaintiff below, and *Robert Eakin*, *Archibald Bales*, *Jason Myers*, *William Eakin* and *John Eakin* were defendants. The complaint charges that the defendants on, &c., at &c., entered upon plaintiff's land, pulled down his fences, carried away his rails, and converted them to their own use, &c.

Defendants, in their answers, set up in defense of the action, that the plaintiff and defendant, *Robert Eakin*, owned and occupied adjoining lands; that the defendant, under a mistake as to the true line between the lands,

erected a fence on the plaintiff's land; that in *February*, 1854, the defendant caused the line dividing said lands to be legally established by the county surveyor, whereby it was ascertained that the fence so erected was on the lands of the plaintiff, and thereupon, he, defendant, procured *Jason Myers* and *Archibald Bales* to examine and assess what damages, if any; would accrue to the plaintiff in passing over his land in the removal of the fence, and the said *Myers* and *Bales*, having made the examination, found that no damage would accrue to the plaintiff in making such removal; that defendant, within six months after said line was established, removed the rails so placed in the fence by mistake, and in passing over the plaintiff's land, in making the removal, no injury whatever was done to the plaintiff. It is alleged that the other defendants, being in the service of *Robert Eakin*, assisted in the removal of the fence, under his direction; and further, that *William* and *John Eakin* are minors, under the age of twenty-one.

The plaintiff replied, *inter alia*, that on the 24th of *November*, 1852, he caused the division line between his and the defendant's lands to be established by the county surveyor, having first given said defendant ten days' notice of the time when, and place where the survey was to be made; and upon such survey being made, by the county surveyor, in the presence of the defendant, it was ascertained that said fence was on the plaintiff's land; and the defendant, being then and there present, consented and agreed that said dividing line was duly established, &c. And the plaintiff avers that more than fifteen months elapsed between the date of the survey and the removal of the fence, as alleged in the complaint. The reply further says, that *William* and *John Eakin* are not minors, nor is either of them under the age of twenty-one.

The defendants demurred to the reply; but their demurrer was overruled. And the issues being made, the cause was submitted for trial. Verdict for the plaintiff. And the Court, having refused a new trial, rendered judgment on the verdict.

The refusal of the Court to sustain the demurrer to the

reply, is assigned for error; but to that ruling no exception appears to have been taken. It follows that the question thus raised is not properly before us. *Zehnor* v. *Beard*, 8 Ind. R. 96, (1).

The record contains a bill of exceptions which shows that after the evidence was closed, the argument of counsel concluded, and before the jury retired, the plaintiff moved for leave to enter a *nolle prosequi* as to *William* and *John Eakin*—it having been proved that they were minors under the age of twenty-one, and no guardian to answer for them having been appointed by the Court— which motion, though resisted, was sustained, and the plaintiff was permitted to enter the *nolle prosequi*, and in accordance with such entry, to amend his complaint. And thereupon, the defendants moved for leave to examine them, *William* and *John*, as witnesses; but their motion was overruled.

Was the plaintiff's motion correctly sustained? The code says, "The Court may, at any time, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, direct the name of any party to be added or struck out; * * * when the amendment does not substantially change the claim or defense." 2 R. S. p. 48, s. 99. The motion to enter a *nolle prosequi* was, in effect, a motion for leave to amend by striking out the names of the minor defendants; and in that view, the provision to which we have referred seems to be broad enough to sustain the ruling of the Court.

The defendants, in relation to whom the motion was made, being minors, and having appeared without a guardian, a verdict as to them would have been a nullity; hence the amendment was consistent with a regular course of proceeding in the action, and, therefore, "in furtherance of justice." The claim or defense is not substantially changed; because, in trespass, the party injured has a right to proceed against all or any number of the trespassers. And it is obvious that the phrase "at any time," in the connection in which it stands in the provision, was intended to authorize the Court, in the exercise of its dis-

discretion, to allow such amendment at any time before the jury retired to consult of their verdict. *Bemis* v. *Brunson*, 1 N. Y. Code, R. 27.—10 How. Pr. R. 163.—3 Selden, 459.—Van Santvord's Pl. 806, 807, 808.

But it is insisted that the suit being dismissed as to the minor defendants, it was error to refuse their admission as witnesses. This position is not strictly correct. The evidence being closed, and the case on argument before the jury, it was discretionary with the Court whether they would or not admit the proposed witnesses; and there being nothing in the record tending to show that such refusal to admit them was an abuse of such discretionary power, we must intend that it was properly exercised.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

(1) See, also, *Jolly* v. *The Terre Haute Drawbridge Co., ante,* 417.