———————————o———————————

## KIRCHNER v. LEWIS' Administratrix.

DECEDENTS' ESTATES.—WITNESS.—Under the second proviso of section 3 of the act of 1861 ( 2 G. & H. 168 ), the discretionary power conferred upon the court to require a party to testify in suits by or against executors, &c., is an absolute one, and not subject to review by this court.

APPEAL from the *Jennings* Common Pleas.

ELLIOTT, J.—Suit by *Hannah J. Lewis,* administratrix of *Benjamin F. Lewis,* deceased, against *Kirchner* and *Lutz,* on a promissory note executed by them to the decedent in his lifetime, to-wit, on the 11th day of *August,* 1865, for $200, due one day after date.

*Lutz* answered, admitting the execution of the note, but

alleging that he executed the same as the surety of *Kirchner*, who was the principal therein, and praying to have said question of suretyship determined.

*Kirchner* answered in three paragraphs, admitting that he was the principal, and *Lutz* only his surety, and alleging:

1. Payment.

2. Set-off of $268 05 for a bill of cut stone furnished by him to the decedent in his lifetime, and prior to the execution of the note sued on.

3. As to the sum of $7 75 of said note, that it was without any consideration whatever.

To the whole answer of *Kirchner* the plaintiff replied by the general denial, and as a further reply to the second paragraph, alleging a set-off, that said decedent in his lifetime paid said *Kirchner* the full amount of said account.

Trial by jury, and verdict for the plaintiff for the full amount of the note and interest. Motion for a new trial overruled and judgment. *Kirchner* appeals.

On the trial of the cause before the jury, the court, over the objection of *Kirchner*, required the plaintiff, the administratrix, to testify as a witness, and she did thereupon testify that about three weeks after the death of her husband, *Kirchner* came to her house and said to her that she had a note against him; that he did not want her to sue him on it, and promised to pay it in three weeks; that he had a contract with the government, and as soon as he got his money he would pay the note, and that it was just; that *Lewis* had been a kind friend of his, and had let him have money time and again. On cross-examination, she further testified, that *Kirchner* said nothing about having an account against the estate, but said that he did not know what he would have done if it had not been for that money, as he might have lost the contract.

The action of the court in requiring the administratrix to testify is assigned for error, and is the first question presented in the case. The objection is not well taken. The second proviso to section 3 of the act of 1861 (2 G. & H.

168) declares, "that in all suits where an executor, administrator or guardian is a party, in a case where judgment may be rendered either for or against the estate represented by such executor, administrator or guardian, neither party shall be allowed to testify as a witness, unless required by the opposite party, or by the court trying the cause, except in cases arising upon contracts made with the executor, administrator or guardian of such estate." It was evidently the intention of the legislature, in enacting this provision, to confer on the court trying such a cause discretionary power to require a party to the cause to testify, when, in the opinion of the court, the ends of justice would be subserved thereby. The discretion thus conferred is an absolute one, and is not subject to review by this court.

The only remaining question is as to the sufficiency of the evidence to sustain the verdict of the jury. We have carefully examined the evidence given on the trial. It seems to establish the facts, very clearly, that the defendant *Kirchner* furnished the stone and performed the labor charged in his bill of particulars filed with the answer claiming a set-off, and that the note sued on was not given on a settlement of accounts between the parties, but for money loaned to *Kirchner* by *Lewis* at the date of the note. But the evidence and circumstances in the case, not contradicted, tend to prove payment by *Lewis*, in his lifetime, of the account set up by *Kirchner*, and we think the jury might have reasonably inferred such payment. We cannot, therefore, disturb the verdict.

The judgment is affirmed, with costs, and five per cent. damages.

*A. Andrews* and *J. Bundy*, for appellant.

*C. E. Walker*, for appellee.