The State, *ex rel.* Middle Township, Hendricks County, *v.* Parker and Others.

───────o───────

33  285
144  361

THE STATE, on the Relation of MIDDLE TOWNSHIP, HENDRICKS COUNTY, *v.* PARKER and Others.

EVIDENCE.— *Order of Proof.*—It is discretionary with the court to admit or

The State, *ex rel.* Middle Township, Hendricks County, *v.* Parker and Others.

exclude original evidence offered by a plaintiff, the defendant objecting, after the defendant's evidence is closed.

SUIT ON OFFICIAL BOND.—*Township Trustee.*—*Conversion of Township Funds.* Where a township trustee, acting in good faith as such trustee, made a contract for the township which he was legally authorized to make, and thereby became liable in said official capacity to pay the other contracting party a certain sum of money, and afterwards made such payment in goods, his individual property, or by giving credit on an account due him personally from such other party, by the consent of the latter, who thereupon released the towhship;

*Held,* that the fact that the trustee retained a corresponding amount of the township funds applicable to that purpose did not constitute a conversion of the funds of the township to his private use, or render him liable therefor in a suit on his official bond.

SAME.— *Costs.*—Where in a suit commenced in the circuit court, or court of common pleas, on the relation of a township, upon the official bond of a township trustee, the plaintiff recovers less than fifty dollars, exclusive of costs, the judgment not having been reduced below fifty dollars by a set-off or counter claim, the relator is required to pay costs.

APPEAL from the Hendricks Common Pleas.

Suit by the appellant on the official bond of the appellee, Parker, as trustee of said township, the breach alleged being, that Parker had appropriated to his own use certain moneys which had come into his hands as such trustee. Answer, the general denial. Trial by jury. Verdict for the appellant for twenty-four dollars. A motion by the appellant for a new trial was overruled, and the appellant excepted. Judgment for the plaintiff for twenty-four dollars, and against the relator for costs.

ELLIOTT, J.—On the trial of the cause, and after the defendants had closed their evidence, the plaintiff offered to prove, by a competent witness, that certain receipts for money, executed by James H. Smock & Co. and others to Parker as township trustee, were not executed at the time they respectively bore date; which evidence was objected to by the defendants and excluded by the court. It is insisted that the court erred in rejecting this evidence. These receipts formed a part of the plaintiff's original evidence; they were not introduced by the defendants, nor did they give any evidence in reference to them. The evidence

offered could not be claimed as rebutting, and was excluded for that reason. It was original evidence, offered after the defendant's evidence was closed. It came too late to be claimed as of right. The court, in its discretion, might have admitted it, but there was no error in its exclusion.

Exceptions were urged to the tenth instruction given by the court to the jury, as follows: "If you find, from the evidence, that the defendant Parker, as trustee, after having received moneys belonging to the plaintiff, falsely and fraudulently reported to the board of commissioners that he had paid out certain sums of money in his hands, when, in fact, such sums of money had not been paid in pursuance of the legal discharge of his duties; or, if you find that, after having made such report, or after his successor was elected and qualified, he converted any money belonging to the plaintiff to his own use, or, which would be the same thing, falsely and fraudulently procured persons to execute receipts for money paid by him for materials and labor done and performed on a certain school house, when, in fact, such money had not been paid out for such purpose; in either case, the plaintiff will be entitled to recover the amount of money converted by the defendant."

The objection urged to the instruction is, that it is not sufficiently broad; that the plaintiff was entitled to recover of the defendants any money belonging to the township, in the hands of Parker, as trustee, and which he had misapplied or converted to his own use, without proving that he acted fraudulently. The instruction given was in favor of the plaintiff, and followed almost the language of two of the breaches in the complaint. It does not cover the entire case made by the pleadings, but it correctly states the law upon the facts contained in the hypothesis, and is entirely consistent with the charges in the complaint. It contains no error.

Another instruction excepted to is as follows: "If the defendant Parker, while in the discharge of the duties of his office as trustee, made, in good faith, contracts which he

had authority to make, and upon which contracts the defendant, in his official capacity as trustee of the township, was to pay certain sums of money, and, by agreement of the contracting parties, they received, in payment on said contracts, goods of the defendant Parker, or took a credit on debts due the defendant, and discharged the township from all further liability on account of such contracts, the mere retaining of the amount so furnished, or debts credited, would not be a conversion of the funds of the township to the use of the defendant."

It was claimed by the plaintiff that Parker, as trustee of the township, had in his hands money belonging to several distinct funds, which he had not accounted for; and it is argued that the instruction, in effect, authorized the application of the whole amount of the funds in the hands of the trustee to one of the purposes for which they were held, and thereby diverted a portion of it from the use to which it was appropriated. We do not so understand the instruction. It contains the simple proposition, that if Parker, while acting as township trustee, made contracts for the township, which he was legally authorized to make, and thereby became liable, as such trustee, to pay to the other contracting parties, certain sums of money, and afterwards made such payments in goods out of his store, or by giving such parties credit on their accounts due him, by their consent, the mere fact that he retained a corresponding amount of the township funds applicable to that purpose, would not constitute a conversion of the funds of the township to his private use, or render him liable therefor in this suit. The instruction does not involve the question as to whether the facts upon which it is hypothecated amounted to a proper payment out of a particular fund, so as to entitle the trustee to a credit therefor, and contains a proper statement of the law arising upon the facts assumed.

The plaintiff recovered a judgment for twenty-four dollars; and the court rendered a judgment against the relator for costs. This was correct. The suit was for a money

demand on contract, and there was no set-off or counter claim pleaded. In such cases, when the action is commenced in the circuit court or court of common pleas, if the plaintiff recover less than fifty dollars, exclusive of costs, he is required to pay costs. 2 G. & H. 227, sec. 397.

It is claimed that the verdict is too small in amount, under the evidence. The evidence is too indefinite, and in too much confusion, to say nothing of the conflict presented. on some of the questions involved, to justify us in disturbing the verdict.

The judgment is affirmed, with costs.

*C. C. Nave,* for the appellant.