### HOLMES ET AL. *v.* HINKLE.

CHATTEL MORTGAGE.—*Identity of Note Secured and Property Mortgaged.*—*Evidence.*—*Judgment on Note.*—*Subsequent Foreclosure.*—*Attorney's Fees.*—A chattel mortgage executed to secure the payment of a series of promissory notes described them simply by giving the date, amount and maturity of each, but named neither the payee nor maker, and described the mortgaged property simply as "one steam saw-mill, and fixtures thereunto belonging," etc. The note last maturing, being the only one unpaid, and stipulating for an attorney's fee, was put into judgment, for the amount of the principal, interest and attorney's fee, in a simple action on the note, against the maker, by an assignee, who thereupon assigned the judgment to the payee, who was also the mortgagee, and who brought suit on said judgment, to foreclose the mortgage against the mortgagors and the remote purchaser of the mortgaged property, who answered by general denial and also by alleging payment of the mortgage debt to the plaintiff by a purchaser of the mortgaged property, a failure of the plaintiff to release the mortgage, his subsequent assignment of the same to another, and that said defendant had thereafter purchased the mortgaged property, *bona fide* and without notice of the mortgage.

*Held,* that evidence identifying the property and promissory note described in the mortgage, as being the note and property in controversy, was proper.

*Held,* also, that such judgment and the assignment thereof, and the papers filed in the action wherein the judgment was obtained, as also the mortgage, were admissible in evidence.

*Held,* also, that the rendition of judgment on the note was no bar to the action for foreclosure.

*Held,* also, that an attorney's fee for taking judgment in the foreclosure suit can not be recovered.

PRACTICE.— *Order of Admitting Evidence.*—*Judicial Discretion.*—It is within the discretion of the court, in a proper case, to allow a party to introduce original evidence after the hearing of evidence has closed.

From the Jackson Circuit Court.

*W. K. Marshall,* for appellants.

*B. H. Burrell* and *F. Emerson,* for appellee.

PERKINS, J.—The following is a copy of an executed note :

"$500.          " CLEAR SPRING, IND., Oct. 15th, 1869.

" Twenty-one months after date, we promise to pay to

the order of D. T. Hinkle & Bro. five hundred dollars, value received, without any relief from valuation or appraisement laws of the State of Indiana, with interest at ten per cent. per annum from time due till paid. If this note be collected by suit, the judgment shall include a reasonable fee for plaintiff's attorney.

"Due July 15th, 1871.    JAMES RAMEY,

      . "DANIEL E. RAMEY."

The following is a copy of the mortgage executed to secure the payment of said note:

"This indenture witnesseth, that James Ramey and Daniel E. Ramey, of Jackson county, Indiana, mortgage and warrant to David T. Hinkle and William A. Hinkle the following personal property, to wit: One steam sawmill and fixtures thereunto belonging; also, the team and wagons, consisting of five yoke of oxen and two log wagons, with the chains thereunto belonging; to secure the payment of five notes, bearing date of 15th day of October, 1869, of five hundred dollars each; one due in three months, one in six months, one in fifteen months, one in eighteen months, and one in twenty-one months, from date of said notes.

"In witness," etc.    "JAMES RAMEY,   [SEAL.]

     "DANIEL E. RAMEY." [SEAL.]

The mortgage was duly executed and recorded.

The note described in the complaint is the last of the above mentioned series.

The following endorsements are upon said note:

"March 24th, 1870, received $100.

      "J. L. & W. A. HINKLE."

"For value rec'd, we assign this note to C. L. Wayman, Dec. 5th, 1870.    JACOB L. HINKLE,

      "WILLIAM A. HINKLE."

. On the 15th day of August, 1871, said Charles L. Wayman obtained a judgment, in the Jackson Circuit Court,

Indiana, for the sum of four hundred and three dollars and thirty-five cents, on said note, against James Ramey and Daniel E. Ramey.

On the 25th day of November, 1871, said Charles L. Wayman duly assigned said judgment to David T. Hinkle.

At the September term, 1874, said David T. Hinkle commenced suit to foreclose said mortgage. He made John W. Holmes a party defendant, he, at the time, claiming to own said mortgaged property.

In his complaint he set out the judgment above mentioned, of which the plaintiff is the owner by assignment to him.

Defendant Holmes answered in four paragraphs:

1. The general denial;

2. Payment, before the commencement of this suit, by Seaman & Brown, the then owners of the mortgaged property;

3. That James and Daniel E. Ramey sold the mortgaged property, in the complaint described, to William Seaman and John N. Brown, partners, subject to said mortgage; that said Seaman & Brown, long before the commencement of this suit, paid said mortgage debt in full to said David T. Hinkle, who was then the sole owner of said mortgage by assignment in writing; that said David T. Hinkle, instead of receipting said mortgage, assigned the same in writing, in the following words endorsed thereon: "For value received, we assign this mortgage to Seaman & Brown, David T. Hinkle," and delivered said mortgage to Seaman & Brown, who have since held and now hold the same; that afterward said Seaman & Brown sold and delivered said mortgaged property to William Terrell, free and clear of all incumbrances whatever; that afterward said William Terrell departed this life intestate, and his administrator sold said property, except the oxen and one wagon, to said John W. Holmes, free and clear of all

liens and incumbrances whatever, at and for the price of five hundred dollars, which this defendant has paid in full, and which was the fair cash value of said property at the time of his said purchase ; and this defendant, since his said purchase, has laid out and expended the further sum of one hundred and fifty dollars in repairing and improving said property ; that, when this defendant purchased said property, he had no notice, knowledge, information or belief that said plaintiff, or any other person, held or claimed to hold any lien or incumbrance of any sort or interest in said property. And this defendant avers, that he is a purchaser of said property in good faith, and for a good, sufficient and valuable consideration ;

4. The fourth paragraph sets up affirmative matters, by which it is claimed that the plaintiff is estopped from setting up any lien on said property, under and by virtue of said mortgage.

Demurrers to the third and fourth paragraphs of answer severally were overruled, and exceptions entered.

Reply by Hinkle, in denial of the second, third and fourth paragraphs of answer.

Default by James and Daniel E. Ramey.

Trial of the issues between the plaintiff and the defendant Holmes, by jury ; verdict for the plaintiff, as follows :

" We, the jury, find for the plaintiff, and assess his damages, as against the said James and Daniel E. Ramey, for the sum of six hundred and thirty-one dollars and sixty-seven cents, including an attorney's fee of forty-seven dollars and fifty cents ; and we further find, that the said plaintiff is entitled to have the mortgage foreclosed, as to the steam saw-mill and fixtures mentioned in said mortgage, as to all of said defendants."

Defendant Holmes moved for a new trial, upon the following assigned causes :

1.   Verdict not sustained by the evidence;

2.   Verdict contrary to law;

3.   Excessive damages;

4.   Error of the court in admitting the mortgage in evidence;

5.   Error of the court in admitting in evidence Wayman's judgment against the Rameys;

6.   Error of the court "in admitting in evidence the files" in the case of said Wayman against the Rameys;

7.   Error in the court in admitting in evidence what purported to be an assignment of the Wayman judgment to the plaintiff;

8.   Error of the court in permitting proof of the signature to the said assignment;

9.   Error of the court in permitting proof that the note mentioned in the complaint was one of those given for the mill, etc.;

10.   Error of the court in permitting the plaintiff to testify that said note was one of the notes secured by the mortgage, in the complaint described;

11.   Error of the court in permitting proof as to a reasonable attorney's fee; and,

12.   Error of the court in permitting the plaintiff to give original evidence after once having rested.

The motion was overruled and exception saved.

Personal judgment against the Rameys for the amount of the verdict, and for a foreclosure of the mortgage against all the defendants.

The only error assigned in this court is the overruling of the motion for a new trial.

There was no demurrer to the complaint, or motion to strike out its exhibits. No instructions were asked or given to the jury. It will be observed also that the mortgage is foreclosed only upon the mill and fixtures. The oxen and wagons are not embraced in the decree.

The main question in the cause is one of fact, viz.: Was Holmes a *bona fide* purchaser of the mill? If the mill had been bought and sold subject to the mortgage, the purchasers having, at the time, actual notice of the identity of the mill purchased with that described in the mortgage, they would not have been *bona fide* purchasers. We do not decide that they would necessarily have been *bona fide* purchasers in the absence of such actual notice; but with such notice they certainly would not have been. Perhaps the record of the mortgage should have put them on inquiry. Holmes alleged in his answer, that he was a *bona fide* purchaser. This allegation was denied by the reply, and its truth was in issue on the trial of the cause.

The jury found in favor of the plaintiff.

The court, which heard the evidence and saw the witnesses while giving it, and could judge of it better than this court can, was satisfied with the verdict.

There was no error in admitting in evidence the exhibits set forth in the complaint, nor in admitting proof of the identity of the note described in the complaint with that described in the mortgage, nor of the mill described in the complaint with that mentioned in the mortgage. *Duke* v. *Strickland,* 43 Ind. 494.

A personal judgment on the note secured by the mortgage was no bar to a subsequent suit to foreclose the mortgage. *O'Leary* v. *Snediker,* 16 Ind. 404; *Jenkinson* v. *Ewing,* 17 Ind. 505; *Duck* v. *Wilson,* 19 Ind. 190.

The court did not err in its ruling on the admission of evidence.

The permitting evidence to be introduced out of its regular order was a matter in the sound discretion of the court. That discretion does not appear to have been abused in this case. Bicknell Civil Prac. 218.

The questions of notice, good faith, payments, etc., were for the jury, and were decided in favor of the plaintiff, upon the evidence.

The claim that the damages were excessive arises thus :
In the suit upon the note an attorney's fee was recovered. In the subsequent suit to foreclose the mortgage securing the note, a second attorney's fee was recovered. Was the allowance of this second attorney's fee legal ?

That the two suits could be prosecuted, and the two judgments recovered, is shown by the cases above cited. But the mortgage did not contain a stipulation to pay an attorney's fee on its foreclosure. Did the stipulation in the note for an attorney's fee cover one for the suit to obtain a personal judgment thereon and another for the suit to foreclose the mortgage, should such suit be brought? It would have embraced the fee in the foreclosure suit, but we think but one attorney's fee should have been allowed.

If the plaintiff will remit forty-seven dollars and a half thereof within twenty days from the filing of this opinion, the judgment and decree in this suit will be affirmed for the balance, with costs. Otherwise, it will be reversed, with costs.