Perrill, Administrator, *v.* Nichols.

No. 9562.

PERRILL, ADMINISTRATOR, *v.* NICHOLS.

CHANGE OF VENUE.—*Jurisdiction.*—*Practice.*—There was a change of venue granted without objection, and on cause properly shown, to a court having no jurisdiction of the subject, and accordingly it returned the papers.

*Held,* that this afforded no reason for a dismissal of the cause.

*Held,* also, that on the return of the papers it was proper to change the venue to a court having jurisdiction to try the cause.

STATUTE OF LIMITATIONS.—*Mutual Accounts.*—Where the items of an account on the credit side are wholly for payments, the account is not mutual in the sense of section 295, R. S. 1881, so that the statute of limitations will not begin to run until the date of the last item on either side; but in such case the statute will be a bar, except as to items of indebtedness within six years.

DECEDENTS' ESTATES.— *Witness.*—*Discretion.*—The action of a trial court in requiring a witness, not otherwise competent, to testify as authorized by the act of 1879, Acts 1879, p. 245, was the exercise of an absolute discretion which could not be controlled by the Supreme Court.

SAME.—*Statute of Limitations.*—*Pleading.*—The statute of limitations is available, without pleading it, as a defence to a demand against the estate of a decedent.

SAME.—*Estoppel.*—*Judgment.*—*Deed.*—*Consideration.*—A large claim against a decedent's estate ($7,000), on which $2,500 was allowed, was defended on the ground of estoppel by a judgment rendered in a suit by the administrator against the claimant to set aside a conveyance by the intestate of lands and a conveyance of his grantee to the claimant, with a view to make assets, for the reasons that the conveyances were without consid-

eration, and that the grantor was, at the time, *non compos mentis*, which facts the grantee knew, and there had been a finding for the administrator that the causes alleged were true, and a decree accordingly. It appeared that upon that trial the facts involved in the present case had been substantially "gone over."

*Held*, that the finding and judgment did not estop the claimant.

From the Marion Circuit Court.

*A. F. Shirts, G. Shirts, W. R. Fertig, A. C. Ayres* and *E. A. Brown*, for appellant.

BLACK, C.—This is an appeal taken by the administrator of the estate of George W. Nichols, deceased, from a judgment allowing a claim of the appellee against said estate.

The claim was filed in Hamilton county. In the Hamilton Circuit Court, the claimant moved for a change of venue from the county. The motion was sustained, and the court ordered that the venue be changed to the superior court of Marion county.

A transcript of the proceedings in the Hamilton Circuit Court and the papers in the cause were transmitted to the clerk of the Marion Superior Court. That court, on the ground that it had not jurisdiction of the subject-matter, remanded the cause to the Hamilton Circuit Court.

Afterward, in the latter court, appellant moved to dismiss the cause, for reasons set forth in his affidavit filed in support of the motion. The affidavit stated the granting of the change of venue from Hamilton county; that the cause was sent to the Marion Superior Court with the consent of the plaintiff, who made no objection thereto; that it had been remanded as above stated, and that the papers had been returned by order of the Marion Superior Court. The motion to dismiss was overruled.

The claimant then again moved for a change of venue from Hamilton county. The motion was granted, and the cause was thereupon transferred to the Marion Circuit Court.

Issues were then made, which were tried before the court.

The finding was for the appellee, and judgment was rendered accordingly.

A motion for a new trial made by appellant, assigning nine causes, was overruled.

The assignment of errors contains two specifications: 1. The overruling of appellant's motion in the Hamilton Circuit Court to dismiss the cause. 2. The overruling of the motion for a new trial.

The first specification of the assignment of errors is also made the first cause in the motion for a new trial.

There was no error in the refusal to dismiss the cause. The Hamilton Circuit Court having attempted to transfer it to a court which had no authority to entertain it, with or without the consent of parties, and the papers having been properly returned, the court had jurisdiction to do what it did, and what it should have done before, to direct the transmission of the transcript and papers to a court by which the cause could be tried.

On the trial, after the defendant had closed his evidence and rested, the court, upon suggestion of counsel for the claimant, made an order requiring the claimant to testify, stating that he would not be allowed to testify except as to things strictly in rebuttal of the defence.

The second cause assigned for a new trial was that the court erred in admitting the testimony of the claimant in rebuttal.

The third and fourth causes related to the admission of the claimant's testimony as to particular facts mentioned in the motion.

The statute concerning witnesses in force at the time of the trial (Acts 1879, p. 245,) provided that in such a suit neither party should be allowed to testify as a witness "unless required by the opposite party or the court trying the cause.".

The court had discretionary power to require the claimant to testify, if in the opinion of the court justice would thereby be promoted; and the discretion was an absolute one, not subject to be reviewed. *Kirchner* v. *Lewis' Adm'x*, 28 Ind. 499.

The objection urged in argument against particular portions

of the claimant's testimony is, that they could not properly be called evidence in rebuttal.

The evidence admitted was evidence of a character which made it proper to be admitted in the cause, and the court regarded it as evidence of a kind to give which the witness had been required to testify. Though some portions of it may have been of a character which would have rendered it admissible as evidence in chief, as tending to establish the plaintiff's claim, we can not see that in the admission thereof there was any hinderance of justice or abuse of discretion. *State, ex rel.,* v. *Parker,* 33 Ind. 285; *Holmes* v. *Hinkle,* 63 Ind. 518.

The other causes stated in the motion for a new trial were as follows:

"5. That the finding and judgment of the court herein are not sustained by sufficient evidence.

"6. That the damages as assessed by the court are excessive.

"7. For error in the assessment of the amount of recovery, the same being too large.

"8. That the finding and judgment of the court are contrary to law, the entire claim herein being completely barred by the statute of limitations, as shown by the evidence herein.

"9. That the finding and judgment of the court are contrary to law."

We will treat the words "and judgment," in the fifth, eighth and ninth specifications of causes as surplusage.

The claim was stated as for a balance due upon account, the itemized statement of the claimant's charges covering about 46 written pages of legal cap, and amounting to $13,397.89, and his statement of credits covering about 14 pages, and amounting to $6,065.44. There was an answer of general denial, and an answer of set-off for work and labor, goods, merchandise and materials, and money, as shown on the credit side of the account filed by the claimant, and for other matters, the whole cross claim amounting to $11,000. The finding was general, and was for $2,500.

It appeared from the evidence that the claimant was a son

of the decedent, and that his claim was for his expenditures and labor in support of the decedent and his wife and minor children for a number of years, commencing in 1864.

On the 5th of August, 1872, the decedent, by proper legal proceedings, was found to be a person of unsound mind and was placed under guardianship, and on the 8th of April, 1877, he died.

This claim was filed on the 20th of December, 1878, more than twenty months after the death of the debtor.

It was not necessary for the defendant to plead the statute of limitations, in order to avail himself thereof. He could give in evidence all matters of valid defence except set-off, without special plea. *Niblack* v. *Goodman*, 67 Ind. 174.

Actions on accounts and contracts not in writing must be brought within six years after the cause of action has accrued. Section 210, code of 1852; section 292, R. S. 1881.

" In an action brought to recover a balance due upon a mutual, open, and current account between the parties, the cause of action shall be deemed to have accrued from the date of the last item proved in the account on either side." Section 213, code of 1852; section 295, R. S. 1881.

" If any person entitled to bring, or liable to any action, shall die before the expiration of the time limited for the action, the cause of action shall survive to or against his representatives, and may be brought at any time after the expiration of the time limited, within eighteen months after the death of such person." Section 217, code of 1852; section 298, R. S. 1881.

When death intervenes within eighteen months preceding the close of the ordinary period of limitation, the section last quoted permits the action to be brought within eighteen months after the death. *Harris* v. *Rice*, 66 Ind. 267.

Where the items of an account are all on one side, there being nothing on the other side except credits of payment, the account is not mutual, open and current within the meaning of the statute, and the fact that some of the items of the account are within six years does not take others of longer

standing out of the operation of the statute.   *Buntin* v. *La-gow,* 1 Blackf. 373 ; *Prenatt* v. *Runyon,* 12 Ind. 174.

The evidence showed but one item of the plaintiff's claim of a date later than March, 1872, and this item was for only $13.80, being a payment made by the claimant January 30th, 1873, for clothing purchased by the decedent before the inquest of insanity, while the claimant had charge of the family, which payment had been verbally guaranteed by the claimant.

If the account was not mutual, open and current, there could be no recovery on the items as to which the statute had run at the time of the death ; and on any items as to which the statute had not then run, no action could be brought after the expiration of six years from their date, unless brought within eighteen months after the death.

The credits proved consisted of work done by the decedent and money received to his use; and of goods furnished by decedent, and of work done for the claimant by decedent's wife and minor children.

One of the sons of the decedent, for some years before the inquest and the appointment of a guardian, had been working for the claimant, learning a trade under him, and he continued to work with and for the claimant after the inquest as before.   A portion of the credits consisted of the work so done for the claimant by his said brother, and credits for work done and money paid by this brother continued as late as 1875, said brother being still a minor, and these were the only credits within the period of the statute.

The services of this minor son were claimed by both parties to have been rendered and received for the benefit of the decedent.

If a settlement had been made at any time, it would seem that honesty would have required that the items of the account against the claimant, allowed by him as credits and pleaded by the defendant as a set-off, should have been allowed in the settlement.

Vol. 88.—29

The services of the decedent and those of his wife and minor children rendered and received for his benefit would constitute matter of set-off; and " Mutual accounts are made up of matters of set-off." Angell Lim., section 149.

By their pleadings and on the trial both parties treated the account as a mutual, open and current account.

It was competent for the court acting as a jury to find that the account was a mutual, open and current one; and if it was found to be such, the statute could only run against it from the date of the last item proved on either side. *Sanders* v. *Sanders*, 48 Ind. 84.

In this view, the finding was not unsupported by sufficient evidence and was not contrary to law, and we can not say that it was for too large an amount.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the costs of appellant.

## ON PETITION FOR A REHEARING.

BLACK, C.—It is urged in support of a petition for a rehearing that we failed to decide what is claimed to be a question of estoppel. The evidence, to which our attention is thus again called, included a record, introduced by appellant, of an action in the Hamilton Circuit Court, brought in 1878, wherein Nathan Perrill, as administrator of the estate of George Nichols, deceased, was the plaintiff, and George Nichols, Jr., and William A. Nichols were the defendants. By the complaint, the plaintiff, as such administrator, for the purpose of making assets, sought to set aside certain deeds of conveyance of certain land in Hamilton county, being a deed executed in 1865 by said decedent and his wife to said George Nichols, Jr., and one Henry Nichols, a deed executed June 4th, 1867, by the same grantors to Henry Nichols for the same land, and a deed executed June 20th, 1867, by said Henry to said William for the same land. It was alleged, as ground

for setting aside these deeds, that said decedent was of unsound. mind when he executed those so executed by him; that this fact was known at the time by the grantees in said deeds and by the defendants in said action; that all the conveyances were made without any consideration, and that said Henry and William knew, when the two last mentioned deeds were executed, that there was no consideration for the same.

The defendant William alone answered by a general denial, and a trial of the issue thus formed resulted in a verdict for the plaintiff, and that the allegations of the complaint were true; and thereupon the court adjudged that said decedent was of unsound mind and incapable of managing his estate when said deeds were executed, and that they were executed without any consideration; and said deeds were set aside and the plaintiff's title was quieted.

On the trial of the case at bar, a witness for the appellant testified that the facts involved in this case were " substantially gone over" in said former action.

The evidence in the former case is not before us, or any part of it.

Some of the appellee's witnesses in the court below testified that in 1868 these witnesses heard the decedent and his wife say, at a time when the appellee was supporting the family, that they had no control over the farm; that it belonged to their son William; and that he was to maintain them as long as they lived, and that he was also to support two of their children, Martha and Milton, until they became of age; that William was to pay them for the farm by maintaining them and said children. There was also much other testimony tending to show that the services of the appellee and his expenditures were understood by all parties to be not gratuitous. The deed of conveyance to the appellee set aside in said former action was a deed executed by said Henry.

In the case at bar, no portion of the appellee's claim was shown to have constituted a consideration for that deed or for any deed. We do not know what was claimed in the former

Perrill, Administrator, v. Nichols.

suit respecting any of the matters involved in this suit, either by the appellee or by the appellant.

To constitute an estoppel, it should appear that the particular controversy in this suit was tried and determined in the former suit. The verdict and judgment in the former suit did not necessarily involve the decision of what was necessary to be decided in the present suit; they did not establish that the claimant in this action did not render the services or make the expenditures on which his claim was based, or that they were gratuitous.

If the same evidence that sustained the claim in this suit could not have established a consideration for the deeds or either of them in the former suit, it can not be said that an adjudication that there was no consideration for said deeds was an adjudication of the matter involved in this claim. A court could not have found upon the evidence in support of appellee's claim in this case that any of said deeds had for consideration the matters constituting the appellee's claim. And the appellant is as much estopped as the appellee to claim that any of said deeds had a consideration.

It is impossible for us to determine from the general verdict upon what portion of appellee's claim the court found in his favor, or how the amount of the finding was calculated.

It is insisted that the appellant did not on his part treat the services of Milton as constituting matter of set-off. There was some evidence introduced by the appellant tending to show that Milton's services paid for his maintenance.

If, as is strongly contended, it was not the purpose of the appellant either by his pleading or by his evidence to treat the account as mutual, the court, upon the whole case, was authorized to so treat it; and we must presume, in support of the action of the court, that it did so treat it.

After again carefully examining the evidence, we think the appellee's claim commends itself to a sense of justice.

PER CURIAM.—The petition for a rehearing is overruled.