No. 14,612.

## KAHLENBECK v. THE STATE.

CRIMINAL LAW.—*Murder.*—*Indictment.*—For an indictment for murder, which is held to be good, see opinion.

SAME.—*Evidence.*—*Declarations of Accused Prior to Homicide.*—Where, upon the arrest of one charged with the murder of a peddler, articles of merchandise corresponding with those in the possession of the deceased shortly before his death are found in the accused's trunk, declarations of the latter, prior to the murder, that he had bought articles of that kind from a peddler, are not competent.

SAME.—*Evidence of Character.*—*Admissibility of.*—A party charged with crime in this State, who undertakes to introduce evidence of his character, must be confined to the particular trait of character involved in the charge against him ; so, in a prosecution for murder, the general reputation of the accused for peace and quietude may be shown, but his reputation for morality may not.

SAME.—*Order of Introducing Evidence.*—*Discretion of Trial Court.*—It is within the discretion of the trial court to permit the State, after the defendant has begun to introduce his evidence, to introduce material evidence for the prosecution, although it is properly matter in chief, the defendant being given full opportunity to meet it.

SAME.—*Abuse of Discretion.*—*Reversal of Judgment.*—The court may, in its discretion, in all cases, admit original testimony, even after the evidence has closed, and the cause will not be reversed for that reason, unless it clearly appears that there was an abuse of discretion.

From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett, E. C. Vaughn, J. C. Branyan, B. M. Cobb, C. W. Watkins* and *W. A. Branyan,* for the State.

COFFEY, J.—At the January term, 1888, of the Huntington Circuit Court, the appellant, Jacob Kahlenbeck, was indicted for the murder of Theodore Luntz. Upon a trial had at the April term of said court, the defendant was found guilty as charged, and sentenced to imprisonment in the

State prison during life.   He appeals to this court and assigns for error :

1st.  That the indictment in this cause does not charge a public offence.

2d.  That the circuit court erred in overruling the motion of the appellant in arrest of judgment, for the reason that neither count of the indictment states a public offence.

3d.  That the circuit court erred in overruling the appellant's motion for a new trial.

As the first two assignments of error present the same question, it is not improper to consider them together.   The indictment is in two counts, the first count charging, in substance, that, at the county of Huntington, in the State of Indiana, one Jacob Kahlenbeck, late of said county, on the 10th day of February, 1888, did then and there unlawfully, feloniously, purposely and with premeditated malice, kill and murder one Theodore Luntz, by then and there feloniously, purposely and with premeditated malice, shooting at and against, and thereby mortally wounding, the said Theodore Luntz with a certain deadly weapon, commonly called a revolver, then and there loaded with gunpowder and leaden ball, which said revolver he, the said Jacob Kahlenbeck, then and there had and held in his hands, of which mortal wound he, the said Theodore Luntz, then and there instantly died.

The second count charges that, at the county and State aforesaid, on the day and year aforesaid, Jacob Kahlenbeck did then and there unlawfully, feloniously, purposely and with premeditated malice, kill and murder one Theodore Luntz, by then and there feloniously, purposely and with premeditated malice, shooting at and against, and thereby mortally wounding, the said Theodore Luntz, with a certain deadly weapon, to wit, a gun, then and there loaded with gunpowder and leaden ball, which said gun he, the said Jacob Kahlenbeck, then and there had and held in his hands, of which mortal wound the said Theodore Luntz then and there instantly died.

No specific objection to this indictment is pointed out, and we are unable to discover in it any defect. In our opinion the indictment is good, and the court did not, therefore, err in overruling the motion in arrest of judgment.

Many reasons for a new trial were assigned, but we shall notice only those urged in the brief of counsel, filed in this court, as under the rules all others are to be deemed waived.

The defendant, on the trial of the cause, called one Mrs. John Gusman, and offered to prove by her that, on the 25th day of January, 1888, she heard the defendant say that he bought three table-cloths of a peddler for two dollars and a half.

The evidence on the part of the prosecution tended to show that the deceased was engaged in the business of peddling merchandise, and among other merchandise he was engaged in selling table-cloths. Some table-cloths were found in the trunk of the appellant, at the time of his arrest, which corresponded with the description of those known to be in the possession of the deceased shortly before he was killed.

The testimony offered by the appellant was intended to explain how he came into the possession of the table-cloths found in his trunk.

We do not think it was admissible. It consisted in the mere declaration of the appellant, unaccompanied by any act, and did not tend to explain any act that occurred at the time the declaration was made. It could not be any part of the *res gestœ*, and was mere hearsay. The court did not err in excluding it. *Spittorff* v. *State*, 108 Ind. 171.

The appellant called Henry W. Rosebrough and proved by him that he was acquainted with his general reputation, in the neighborhood where he resided, for morality. He then asked the said witness this question: " Is that character good or bad ?" Upon objection made by the State, the witness was not allowed to answer the question, and appellant excepted.

In the case of *Walker* v. *State*, 102 Ind. 502, the defend-

ant was prosecuted for the murder of one Shaw. It was held that the defendant might prove his general character for peace and quietude, but that his previous moral character was not a proper subject of inquiry. In the case of *State* v. *Bloom*, 68 Ind. 54, the question now under consideration was very fully considered. In that case the defendant was prosecuted for larceny, and it was there held that where a defendant, in a criminal case, introduces evidence of his good character as a defence, the evidence should be limited to the particular trait of character having relevancy to the crime charged. In that case it was held the defendant should have been confined to evidence of her character for honesty, and that her general character for morality was not material.

It seems to be settled law in this State, from the authorities above cited, that a party charged with crime in this State, who undertakes to introduce evidence of his character, must be confined to the particular trait of character involved in the charge against him. In this case the defendant was properly confined to proof of his good character for peace and quietude.

While the appellant was engaged in introducing his evidence, and before it was closed, counsel for the State announced to the court that the State had some evidence which was properly matter in chief. The State then offered to prove by Jacob Allis that he heard the defendant say to the deceased, before they started out of town, " We will work these houses around here awhile, and make some sales, and then we will go to the country, where we can do some good business." Counsel stated that they did not hear of this testimony until after they had rested their case. The court, over the objection of the appellant, permitted the State to introduce this evidence, to which he excepted.

The evidence on behalf of the State tended to show that on the morning of the 10th day of February, 1888, the appellant and the deceased left the city of Huntington, going in a westerly direction. The theory of the State is, that the

deceased was decoyed into the woods by the appellant, where
his body was found, with the view of committing the crime
charged ; while on the other hand, the theory of the defence
is, that when the appellant and the deceased went west on
the morning of the 10th of February, the appellant was on
his way to visit his father, and that the deceased went in
that direction with him without the solicitation of the appel-
lant.    Under these circumstances we think it was in the dis-
cretion of the court to admit this evidence at the time it was
admitted.    *Trees* v. *Eakin*, 9 Ind. 554 ; *State, ex rel.*, v. *Parker*,
33 Ind. 285 ; *Holmes* v. *Hinkle*, 63 Ind. 518 ; *Perrill* v.
*Nichols*, 89 Ind. 444.

The record discloses the fact that the court announced to
the parties that the introduction of this evidence would open
the whole case, so that the opportunity of the appellant to
meet it was as ample as if the State had introduced it before
the close of its evidence in chief.

After the appellant had rested his case, and when the State
was introducing its testimony in rebuttal, it called Christ.
Winkleman, P. Gelschleighter and Mrs. Gelschleighter, and,
over the objection of the appellant, proved by them, substan-
tially, that on the evening of the 10th day of February,
about four o'clock, they saw the appellant coming into Hunt-
ington from the west, by a private way, carrying a gun and
a basket, with something in it covered up.    This evidence
was objected to by the appellant on the ground that it was.
evidence in chief, and not rebutting ; but the court overruled.
the objection, and it was admitted.

There are two roads running west from the city of Hunt-
ington, one known as the Flax Mill road, and the other as
the Maple Grove pike.    The body of the deceased was found
in a woods between these roads.

On the 10th day of February, 1888, the appellant visited
his father, who resided some distance west of where the body
was found, on the Flax Mill road.    The appellant introduced
some evidence tending to show that he returned home from

his father's by way of the Maple Grove pike. The State contended that appellant, in the forenoon of the 10th of February, decoyed the deceased into the woods where the body was found, murdered him, and then went on to his father's house; that there he procured a basket and returned to the body, robbed it, putting the goods into the basket, and returned home through the woods and by-ways between the two roads; the point at which he was seen, about four o'clock on that day, was between the two roads.

This evidence might well have been admitted in chief, and yet it is not wholly without the character of rebutting testimony. It tended to rebut the testimony introduced by the appellant to the effect that he had returned from his father's house, on that day, by the Maple Grove pike. Conceding, however, that it was original testimony, still it was in the discretion of the trial court to admit it. The court, in its discretion, may, in all cases, admit original testimony, even after the evidence has closed, and the cause will not be reversed for that reason, unless it clearly appear that such discretion was abused. *State, ex rel.,* v. *Parker, supra;* *Holmes* v. *Hinkle, supra.*

In this case no time was asked by the appellant to procure evidence to meet that introduced by the State on this subject, but he was content to object and except to its introduction. We do not think the record discloses any abuse of discretion in admitting this evidence.

The appellant also asked a new trial on account of newly discovered evidence; but we do not think the evidence claimed to have been discovered was of a character to warrant the court in granting a new trial.

The appellant also claims that the evidence is not sufficient to support the verdict of the jury. We have read the evidence in the cause carefully, and while it is purely circumstantial, we think it tends strongly to support the verdict of the jury. We do not feel warranted in disturbing the verdict on the evidence.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

