No. 17,751.

## HIRE v. THE STATE.

APPELLATE PROCEDURE.—*Waiver.*—*Sufficiency of Indictment.*—An assignment of error, that the court erred in overruling the motion to quash the indictment, is waived by failing to point out any objection to the indictment.

SAME.—*Weight of Evidence.*—*Criminal Law.*—A conviction sustained by the evidence, if true, cannot be reversed on appeal, on the ground that the prosecuting witness was unworthy of belief because of his immoral character.

144   359
149   412

144   359
162   300

144   359
165   473

144      359
169      508

EVIDENCE.—*Admissions of Defendant in Criminal Case.*—Admissions of defendants in a criminal case, which are relevant to the issue, may be given in evidence, whether or not he testifies as a witness.

TRIAL.—*Evidence.*—*Criminal Law.*—*Admitting Original Evidence After Defendant has Closed.*—*Discretion.*—The trial court may, in its discretion, permit original testimony to be given for the State in a criminal case after defendant has closed his evidence.

NEW TRIAL.—*Newly Discovered Evidence.*—*Counter Affidavit.*—A new trial for newly discovered evidence of a witness, who testified on the former trial, is properly refused, where a counter-affidavit of such witness is filed in which she states that her affidavit filed on the motion for a new trial was false, and that the testimony given by her on the trial was true.

SAME.— *Newly Discovered Evidence.* — *Counter Affidavit.*— The trial court may allow the State, on a motion for a new trial for newly discovered evidence in a criminal action, to file a counter-affidavit at any time before the ruling on such motion.

From the Madison Circuit Court.

*G. M. Ballard, B. R. Call, E. B. Goodykoontz* and *C. M. Greenlee,* for appellant.

*W. A. Ketcham,* Attorney-General, *D. W. Scanlan,* Prosecuting Attorney, *D. L. Bishop, W. A. Kittinger* and *E. D. Reardon,* for State.

MONKS, J.—Appellant was tried upon an indictment charging him with murder in the first degree, and found guilty of manslaughter.

The errors assigned are:

1. The court erred in overruling appellant's motion to quash the indictment.

2. The court erred in overruling appellant's motion for a new trial.

3. The court erred in permitting appellee to file the supplemental affidavit of Margaret Bolton over appellant's objection.

No objection to the indictment is pointed out and

Hire *v.* The State.

the first error assigned should be considered as waived.

We have, however, examined the indictment, and, although not a model of good pleading, we think the motion to quash was properly overruled.

It is urged that the evidence was not sufficient to justify a conviction of appellant for the reason that the testimony of the prosecuting witness was unworthy of belief on account of his immoral character. It is not claimed that the evidence was not sufficient, if true, to sustain the conviction.

The jury were the judges of the facts of the case and as to the credibility of the witnesses, and we can not, therefore, reverse the case on the weight of the evidence. *Deal* v. *State*, 140 Ind. 354.

The next cause assigned for a new trial is that the court erred in permitting John Starr, a witness for the State, to testify in rebuttal, that appellant, after he was arrested, said that "on the night Foust was shot he staid all night at Starkey's." It is claimed that this was error for the reason "that appellant had not testified as a witness in his own behalf, and that the same was not proper in rebuttal."

Admissions of a defendant in a criminal case relevant to the issue may properly be given in evidence, whether he testifies or not. But it is claimed that such evidence could only have been given in the opening of the case and not after appellant had closed his evidence. It was within the discretion of the trial court to permit original testimony to be given after appellant had closed his evidence, and appellant had no ground of complaint on that account unless he was refused an opportunity to give evidence in opposition thereto. *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110 (122); *Kahlenbeck* v. *State*, 119 Ind. 118 ; *Trees* v. *Eakin*, 9 Ind. 554 ; *State, ex rel.*, v. *Parker*, 33

Ind. 285; *Holmes* v. *Hinkle,* 63 Ind. 518; *Perrill, Admr.,* v. *Nichols,* 89 Ind. 444 ; *Ransbottom* v. *State,* 144 Ind. 250.    There is nothing in the record showing that appellant was refused such an opportunity.

The next cause for a new trial urged by appellant is for newly discovered evidence.

In support of this cause for a new trial, appellant, in addition to his own affidavit and that of his attorney, filed the affidavit of Margaret Bolton, that she accidentally shot the deceased at her home, and that appellant was an innocent man.  Some days after the motion for a new trial was filed, but before the court ruled upon the motion, the prosecuting attorney filed a counter affidavit of said Margaret Bolton, in which it was stated that the affidavit filed with this motion for a new trial was false, and that she did not shoot William Foust, or aid, encourage or assist anyone else to do so; that she did not directly or indirectly kill him or cause his death, and had nothing whatever to do with the killing; that appellant killed the deceased, William Foust, at her house, etc.; and that the evidence she gave on the trial was true; that she was sick and weak and was importuned and frightened into making said first affidavit, the details of which are set forth in the affidavit.

Appellant thereupon filed affidavits of several persons contradicting her statements as to being frightened into making said first affidavit.  Said Margaret Bolton and two other witnesses testified at the trial of the cause, that appellant shot and killed the deceased at Margaret Bolton's house.

It appears from the affidavits that the witness would, if a new trial of the cause were granted, testify at the second trial to the same facts as at the first trial.  The alleged newly discovered evidence could

only be used, therefore, to impeach her credit as a witness, provided she testified at the second trial.

The rule is that a new trial will not be granted for the admission of newly discovered evidence to contradict or impeach the testimony of a witness on a previous trial, either by showing that the reputation of such witness was bad for truth, or that his testimony on a former trial was false. *Morel* v. *State*, 89 Ind. 275 (279), and cases cited; *Sutherlin* v. *State*, 108 Ind. 389 ; *Hamm* v. *Romine*, 98 Ind. 77 (83); *Meurer* v. *State*, 129 Ind. 587, and cases cited on p. 588.

The case of *Dennis* v. *State*, 103 Ind. 142, cited by appellant, is not in point. The newly discovered evidence in that case, the court said, was more than impeaching in its character.

The court did not err in overruling the motion for a new trial. It was within the discretion of the trial court to allow the State to file the counter-affidavit of Margaret Bolton, at any time before the ruling upon the motion for a new trial was ruled upon. *Goings* v. *Chapman*, 18 Ind. 194; *Smith* v. *State*, 143 Ind. 685.

There is no error in the record.

Judgment affirmed.

Filed March 26, 1896.