## ALSTOTT *v.* STATE OF INDIANA.

[No. 25,666.   Filed June 7, 1933.]

*Bess Robbins,* for appellant.

*Arthur L. Gilliom,* Attorney General, and *Harry L. Gause,* Deputy Attorney General, for the State.

FANSLER, J.—The appellant was convicted of rape upon a female child under the age of twelve years. The only questions saved and presented by the appellant arise on the overruling of his motions in arrest of judgment and for a new trial. An indictment had been returned against the appellant, and on July 5, 1928, the indictment was dismissed, and the affidavit under which he was tried and convicted was filed. It must be presumed that the indictment was dismissed before the affidavit was filed. The affidavit was sworn to on July 3rd. The appellant contends that the statute authorizing prosecutions by affidavit does not authorize this prosecution for the reason that the affidavit was sworn to prior to the dismissal of the indictment. The part of §2150, Burns Supplement of 1929, involved, reads as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit court or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit."

In the absence of an affirmative showing that an indictment was pending at the time of the filing of the affidavit, we must hold that prosecution by affidavit was proper.

At the conclusion of the state's evidence the appellant

moved for a directed verdict upon the ground that the venue had not been proven, and that there was no evidence upon which the jury might properly find that the offense charged had been committed in Marion County. The court overruled the motion and permitted the state to introduce further evidence on the question of venue. Certain witnesses testified that they went in an automobile with the child in question and that she pointed out to them the place where the crime was charged to have been committed, and that the place pointed out to them as the place described by her while testifying as a witness was located in Marion County.

The court may in its discretion admit original testimony at any time, even after the evidence is closed, and the cause will not be reversed for that reason unless a clear abuse of discretion is shown. *Kahlenbeck* v. *State* (1889), 119 Ind. 118, 21 N. E. 460; *Hire* v. *State* (1896), 144 Ind. 359, 43 N. E. 312.

It was proper to permit the witnesses to testify that the place pointed out to them by the child was located in Marion County, and the evidence thus furnished was sufficient to sustain the verdict of the jury upon that question.

It is urged that the evidence of the consummation of the offense is not sufficient to sustain the verdict. It is sufficient under the authorities. *Jeffries* v. *State* (1925), 195 Ind. 649, 146 N. E. 753; *Taylor* v. *State* (1887), 111 Ind. 279, 12 N. E. 400; *Bradburn* v. *State* (1904), 162 Ind. 689, 71 N. E. 433.

The court's instructions to the jury indicated a form of verdict, by which the jury would fix the defendant's punishment, in the event of guilt, at imprisonment in the state prison during life. The jury returned a verdict finding the defendant guilty of rape upon a female child under the age of twelve years, as charged in the affidavit, and finding his age.

The verdict returned by the jury was the correct one under §2316, Burns Supplement of 1929. The punishment for the crime is fixed by statute and is not to be determined by the jury. The judgment of imprisonment in the Indiana State Prison during life is correct. The verdict could be clearly understood. There was no motion to modify the judgment, suggesting any manner in which it should be corrected and, hence, any irregularity is waived. *Leinberger et al.* v. *State* (1933), 204 Ind. 311, 183 N. E. 798.

It is urged that the court erred in permitting the testimony of witnesses concerning the appearance of the prosecuting witness after her return from her ride with the defendant and his companions, for the reason that there was no evidence that her condition was caused by the appellant. It is admitted that her condition was brought about by the appellant and his companions with whom he was acting. There was no error in admitting the testimony.

Appellant's Instruction No. 2, which was refused, had reference to a reasonable doubt arising from the want of evidence as well as from the evidence. The court's Instruction No. 6 covered the same subject. Appellant was not harmed by the refusal.

A written statement made by the appellant while he was in the custody of the police was admitted in evidence over his objection. He testified that he was forced and coerced into signing the statement. There was evidence to the contrary. The appellant was entitled to an instruction advising the jury upon this subject, and if one was not tendered he cannot complain. It is urged further that the statement was inadmissible for the reason that at the time it was made he was under arrest for a vagrancy charge which was later dismissed, and for the further reason that the

statement did not mention the name of the prosecuting witness. If the statement was made voluntarily, as the officers testified, it was admissible. It clearly refers to the prosecuting witness even though she was not named.

In discussing the fact that the evidence of consummation of the crime is not direct, and that the punishment was not fixed by the jury in its verdict, it is urged that the jury did not believe that the appellant should be imprisoned for life, since it returned with the verdict a recommendation that, if his conduct justified it, he be paroled. The jury did find him guilty by a proper verdict. Under such a verdict the Legislature has fixed life imprisonment as the punishment. There are circumstances in the case from which one may easily understand the recommendation of the jury. The appellant, just past eighteen years of age, was in company with two older boys who escaped and have not been brought to justice. They seem to have been the instigators of the crime, and the appellant a misguided follower of their suggestions. But these facts did not justify the jury in acquitting the appellant if they believed he was, in fact, guilty, nor are they a basis for a reversal of the judgment. Whether in this case the punishment provided by the Legislature is too severe is a question for the executive, as the jury seems to have understood.

In connection with the contention that there was no evidence of venue, the appellant contends that the officer who made the affidavit had no authority to inquire into the alleged crime for the reason that it was not shown to have been committed within his county. The officer who made the affidavit made it as an individual. Any person may swear to an affidavit charging a criminal offense, and this contention of the appellant, insofar as we understand it, is disposed of

by our holding that the evidence is sufficient to establish the venue.

No other questions are presented, and we find no error in the record.

Judgment affirmed.