## Duck and Others *v.* Wilson and Another.

A mortgagee, who has already recovered a personal judgment against the mortgagor, on the note secured by the mortgage, may afterward prosecute his suit for foreclosure upon the note and mortgage, and recover another personal judgment, in connection with his decree in foreclosure, against the mortgagor, the amount of which latter judgment may be measured by the note, or the former recovery upon it.

APPEAL from the *La Grange* Common Pleas.

DAVISON, J.— *Wilson* and *Hayden* brought an action against *Duck* to foreclose a mortgage on lot number five, in block number thirty-one, in the town of *La Grange.* The mortgage bears date, January 28, 1860, and was executed by the defendant to one *Richard S. Hubbard,* to secure the payment of a promissory note for three hundred and ninety-two dollars, which note is of even date with the mortgage, was payable to *Hubbard,* and by him assigned to the plaintiffs. It is averred, in the complaint, that the plaintiffs, at the December term, 1860, recovered a judgment, in the *La Grange* Common Pleas, against the defendant, *Duck,* upon said note, for four hundred and twelve dollars; that an execution was issued on said judgment, which was returned, by the sheriff, *Nulla bona;* that no proceedings are now being had on that judgment, or for the collection of the note, other than this suit, and that the note and judgment, both and each, remain unpaid. The relief sought is that the plaintiffs recover a judgment against the defendant, that the mortgage be foreclosed, etc., and that they have other relief, etc.

Defendant demurred to the complaint, but his demurrer was overruled, and, thereupon, he answered: 1. By a denial. 2. Payment. 3. That, on the 14th of December, 1860, the plaintiffs recovered a judgment against *Abraham M. Duck,* the present defendant, on said note, in the *La Grange* Com-

Duck and Others *v.* Wilson and Another.

mon Pleas, which judgment is in full force, and unreversed, etc. To this third paragraph the Court sustained a demurrer and the defendant excepted. The issues were then submitted to the Court, who found, for the plaintiffs, three hundred and eighty-six dollars and eighty-three cents, and having refused a new trial, rendered judgment that the plaintiffs recover of the defendant the amount so found, with cost, etc.; that the mortgaged premises be foreclosed, etc., and that the same be sold for the payment of the judgment, etc. At the proper time, the defendant moved to strike out the judgment against him, personally, but his motion was overruled, and he excepted.

The evidence is upon the record; it consists of the mortgage and note secured by it, and a record of the proceedings and judgment, on the note, in the *La Grange* Common Pleas as referred to in the complaint.

Against these rulings it is argued that the plaintiff, having sued on, and recovered a judgment upon the note secured by the mortgage, could not, afterward, in a suit to foreclose the mortgage, obtain another judgment against the defendant, upon the same note. This position, in its application to the case at bar, is not strictly correct. The plaintiff had a right to foreclose his mortgage, and in the proceeding for that purpose, it was proper, as has been done in this case, to allege, in the complaint, and prove, on the trial, the former recovery upon the note. For the demand thus alleged and proved, he was, plainly, entitled to a personal judgment against the defendant; and, it seems to us to be immaterial whether such judgment be measured by the note, or the former recovery upon it.

*Per Curiam.*—The judgment is affirmed, with three per cent. damages and costs.