### McCORMICK et al. v. FALLS CITY BANK OF LOUISVILLE.

(Circuit Court of Appeals, Seventh Circuit. October 17, 1892.)

#### No. 1.

REVIEW ON APPEAL—WAIVER OF OBJECTIONS.

Where a defendant files an amended answer after a demurrer to his answer has been sustained, and, waiving a jury, submits the cause to the court for trial, without objecting to the introduction of any of the evidence, or submitting any propositions of law to the court, he cannot question on appeal the validity of a judgment against him, since the record does not show any errors.

In Error to the Circuit Court of the United States for the District of Indiana.

Action by the Falls City Bank of Louisville, Ky., against Patrick H. McCormick, Samuel Hege, A. C. White, and Joseph I. Irwin, upon a promissory note. Demurrers to defendants' answers were sustained, whereupon they filed amended answers, to which a reply was filed, and the cause was submitted for trial to the court without a jury, the trial resulting in a judgment for the plaintiff. No objections were made to the introduction of evidence, and no propositions of law were submitted to the court. Defendants bring error. Affirmed.

Lamb & Hill, for plaintiffs in error.

John T. Dye and Humphrey & Davie, for defendant in error.

Before GRESHAM, Circuit Judge, and BLODGETT and JENKINS, District Judges.

(Circuit Court, D. Indiana. July 24, 1893.)

#### No. 8,843.

1. NOTES—STIPULATION FOR ATTORNEYS' FEES — CONSTRUCTION —FEES IN APPELLATE COURT.

A note for a given sum, with interest and "attorneys' fees," includes only the attorneys' fees incurred in the trial court, and not those in-

curred by the holder in an appellate court to which the makers have carried the case.

**2. CONTRACTS—ATTORNEYS' FEES.**

A joint note was made to a bank by parties some of whom resided in Kentucky and some in Tennessee. The Kentucky makers paid their due proportion, and, being sued for the balance, agreed with the bank that if the latter would dismiss the suit and sue the Tennessee makers they would save it "harmless against all costs and expenses of said litigation, including attorneys' fees." They also gave the bank as collateral to the original note their note for the balance thereon, with "interest and attorneys' fees." The Tennessee parties were accordingly sued to judgment, but, collection being delayed, the Kentucky parties were sued on the collateral note, and judgment obtained, which was affirmed on appeal to the circuit court of appeals. *Held*, that the Kentucky parties were not liable to pay attorneys' fees incurred by the bank in the appellate court, for the attorneys' fees provided for in the contract related only to the Tennessee litigation, and the attorneys' fees included in the collateral note were only the fees of the trial court.

**3. SAME—INJUNCTION.**

The Tennessee parties having subsequently paid the judgment against them, this operated to satisfy and discharge the judgment on the collateral note, and equity would enjoin a threatened attempt by the bank to levy execution thereon, such threat being for the purpose of compelling payment of its attorneys' fees in the appellate court.

In Equity. Suit by Patrick H. McCormick and others against the Falls City Bank of Louisville and others for an injunction and a decree declaring a certain judgment satisfied. On demurrer to the bill. Demurrer overruled.

Lamb & Hill, for complainants.

John T. Dye, W. H. Dye, and Humphrey & Davie, for defendants.

BAKER, District Judge. Bill by complainants to restrain the collection of a judgment, and to have the same decreed to be satisfied. The defendants have interposed a demurrer to the bill for want of equity. The facts exhibited by the bill are in substance as follows: On the 26th day of June, 1888, Patrick H. McCormick, Samuel Hege, and Albert C. White, citizens of the state of Indiana, and the Erin Stave & Lumber Company, H. H. Brequo, V. R. Harris, J. A. McGregor, and H. H. Milner, citizens of the state of Tennessee, executed a promissory note for the sum of $10,000, with interest and attorneys' fees, to the Falls City Bank of Louisville, Ky., payable four months after date. The Falls City Bank, after its maturity, brought suit on the note in this court against McCormick, Hege, and White. Before the commencement of the suit McCormick, Hege, and White had paid the full one-half and their full share of the $10,000 note, and for that reason they were desirous that the makers of the note, resident in the state of Tennessee, should pay the remaining one-half; and to induce the bank to bring suit against them a contract was entered into between the bank and the complainants as follows:

"Whereas, the Falls City Bank of Louisville, Kentucky, holds a promissory note dated June 26th, 1888, for ten thousand dollars, payable four months after date, executed by the Erin Stave and Lumber Company, P. H. McCormick, Samuel Hege, H. H. Brequo, V. R. Harris, J. A. McGregor, H. H.

Milner, and A. C. White; and whereas, H. H. Brequo, V. R. Harris, J. A. McGregor, H. H. Milner, and the Erin Stave and Lumber Company are residents of Tennessee, and P. H. McCormick and S. Hege and A. C. White desire said bank to bring suit in the state of Tennessee against said parties: Now, it is agreed that if said Falls City Bank shall bring suit on said note in the state of Tennessee, in the United States circuit court, against the parties to said note resident in said state, P. H. McCormick, and Joseph I. Irwin, S. Hege, and A. C. White, will indemnify said bank, and save it harmless against all costs and expenses of said litigation, including attorneys' fees. It is further agreed that the bank will prosecute said suit to judgment and collection, or, at the expiration of 90 days, upon payment of a collateral note this day executed by P. H. McCormick, Samuel Hege, A. C. White, and Joseph I. Irwin, will assign the original note and cause of action to any person indicated by P. H. McCormick. This agreement is without relief from valuation or appraisement laws of the state of Indiana."

At the same time McCormick, Hege, White, and Irwin executed a note to the bank as collateral to the $10,000 note for $5,244.46, with interest and attorneys' fees, and the suit pending in this court on the $10,000 note was dismissed upon the payment of the costs and attorneys' fees in said suit, amounting to $195. The bank then brought suit against the parties resident in the state of Tennessee in the United States circuit court for that state, and recovered judgment for the full amount due on said note, including interest, attorneys' fees, and costs. An appeal was taken from said judgment to the supreme court of the United States, which judgment was afterwards affirmed. On the 7th day of February, 1890, the bank brought suit in this court against the complainants herein on said collateral note, and such proceedings were had therein that on the 2d day of February, 1891, judgment was recovered against them for $5,989.46, including therein $200 as attorneys' fees, besides $40.05 costs of suit. Complainants herein appealed from said judgment to the United States circuit court of appeals, in which court judgment of affirmance was rendered in 1892, with costs taxed at $86.90, which was fully paid by them; as also the costs of this court. See McCormick v. Bank, 57 Fed. Rep. 107. After the rendition of the judgment on the collateral note by this court in favor of the bank, it made an assignment in favor of its creditors to the Mechanics' Trust Company, of which one Cox was manager; and after said assignment was made, and said Cox had qualified as assignee, and had taken charge and possession of the assets and property of the bank, viz. on January 12, 1893, the complainants tendered in legal tender money to the said Cox the full amount of principal and interest due on the judgment against them in this court, to wit, $6,688.40, and demanded of Cox as such assignee an assignment of said judgment recovered on said $10,000 note in the United States circuit court for the district of Tennessee, according to the terms of the foregoing contract, which assignment said Cox refused to make, and refused to accept the money so tendered, and he thereafter, on the 17th day of January, 1893, caused an execution to be issued out of this court to the marshal of this district, on the judgment taken in this court against complainants, and by virtue thereof said marshal is threatening to and will levy upon and seize their property. On the 29th day of

January, 1893, the defendants in the judgment rendered in the United States circuit court for the district of Tennessee paid in full the judgment taken against them on the $10,000 note, and the costs accrued thereon, and Cox, as assignee, on said day received thereon the sum of $6,354.62 in excess of the costs on said judgment. The complainants have paid in full the attorneys' fees included in the judgment in this court, amounting, principal and interest, to $224.50, and they aver that they have paid in full the attorneys' fees in the United States circuit court for the district of Tennessee, amounting to $250. On the 16th day of February, 1893, the bank, by its attorney, credited on the judgment in this court, $5,928.12. The bank and its assignee claim that the complainants are indebted to said bank in the sum of $176.50 for attorneys' fees and expenses necessarily incurred by it in maintaining the judgment appealed as aforesaid to the United States circuit court of appeals, and the defendants refuse to satisfy said judgment in full until they have been paid the amount so expended by the bank for attorneys' fees and expenses by reason of the appeal.

No question is made but that the amount of the attorneys' fees and expenses are reasonable, if they are properly chargeable to complainants. The sufficiency of the bill is to be determined by the consideration whether or not the complainants are obliged to pay to the Falls City Bank or its assignee the amount of the attorneys' fees and expenses paid out by it in endeavoring to maintain in the circuit court of appeals the judgment recovered by it in the court below. The note on which the judgment was rendered was executed as a collateral security for another note previously executed. The use of the term "collateral security," when a debtor delivers to his creditor an article of value or an evidence of debt, is intended to express that it is not received in payment of the primary debt, and that it is not an additional right to which the creditor is absolutely entitled. It is merely a concurrent security for another debt, whether antecedent or newly created, and is designed to increase the facilities of the creditor to realize the principal debt which it is given to secure. The collateral note and the contract in writing, executed at the same time, exclusive of the principal note, which is irrelevant to the present discussion, evidence the entire contractual rights and liabilities of the parties. The contract confers no right on the bank or its assignee to claim reimbursement from the complainants of the attorneys' fees and expenses in controversy. The complainants therein agreed that they would "indemnify the bank and save it harmless against all costs and expenses of litigation" on the $10,000 note in the circuit court of the United States for the district of Tennessee, "including attorneys' fees." By the plain and obvious terms of the contract they did not become liable thereby to pay any other attorneys' fees and expenses than those growing out of the suit in Tennessee. The bank and its assignee, therefore, can find no support in this contract for their claim to be reimbursed for the attorneys' fees and expenses in question.

The collateral note on which the judgment in this court was

rendered contained a stipulation for the payment of attorneys' fees. This stipulation, under the firmly-settled law of this state, was valid. When the bank took judgment in this court on the collateral note, there was included in the judgment the sum of $200 as a reasonable attorneys' fee for the collection of the same. The stipulation for attorneys' fees contained in the note was merged in that judgment. The fact that the judgment was appealed from and affirmed gives no right or claim for the recovery of additional attorneys' fees. The amount of attorneys' fees in all such cases is settled by the judgment of the trial court once for all. Holmes v. Hinkle, 63 Ind. 518. If the bank or its assignee has any right to recover the attorneys' fees and expenses in controversy, such right must be found dehors the collateral note and contract. The parties presumably put into the note and contract their entire agreement and understanding on the subject of attorneys' fees and expenses. Expressio unius est exclusio alterius. Therefore, unless the condition of the complainants is worse by reason of the note being given as a collateral, and not a principal obligation, no attorneys' fees and expenses can be recovered beyond the amount included in the judgment. The collateral note and contract define and limit the rights and liabilities of the parties in reference to attorneys' fees and expenses. As neither of these impose any liability on the complainants to pay the attorneys' fees and expenses in controversy, they cannot, in my judgment, be recovered from them.

The whole of the principal debt, with interest and costs, and all attorneys' fees and expenses except those herein involved, have been paid to the bank or its assignee. Payment in full of the principal debt or obligation ipso facto satisfies and discharges the collateral contract, and the judgment recovered thereon. Colebrooke, Collat. Sec. p. 129; Bowditch v. Green, 3 Metc. (Mass.) 360. The attempt, after such payment, to use the execution to coerce the payment of the attorneys' fees and expenses in controversy, is wrongful and oppressive. It is the plain duty of the court to restrain such an abuse of its process.

The demurrer is overruled.