### REYNOLDS v. THE STATE.

[No. 18,125.   Filed February 4, 1897.]

TRIAL.—*Misconduct of Counsel.—Opening Statement.—Discretion of Court.*—Whether counsel for the plaintiff in a cause may, in his opening statement to the jury, anticipate a defense and state what will be shown in rebuttal, or that if certain persons testify, evidence will be given to impeach them, rests largely in the discretion of the trial court. *pp. 5, 6.*

EVIDENCE.—*Criminal Law.—Robbery.—Fact that Defendant Owned Property not Admissible to Show Want of Motive.*—In a trial for robbery the fact that the defendant is the owner of real estate, of the value of $800.00, is not admissible as evidence tending to show lack of motive. *p. 7.*

CRIMINAL LAW.—*Motive.*—Proof of motive is not indispensable to a conviction of a crime. *p. 7.*

EVIDENCE.—*Conversation Between Husband and Wife in Presence of Third Persons Admissible.*—Conversations between husband and wife, in the presence of third persons, are not confidential communications within the meaning of the statute. *p. 8.*

INSTRUCTIONS.—*Criminal Law.—Failure to Instruct as to Lower Grades of Offense, Remedy.*—A conviction will not be reversed because the trial court omitted to instruct the jury as to the lower grades of the offense charged, unless such instructions were offered and refused, and exceptions taken. *pp. 9, 10.*

SAME.—*Reasonable Doubt.*—An instruction, which, after defining reasonable doubt, tells the jury that if the proof is of such a nature as to exclude such doubt they should find the defendant guilty, does not invade the province of the jury. *pp. 10, 11.*

SAME.—*Circumstantial Evidence, Weight of.*—It is not erroneous to instruct the jury that circumstantial evidence is legal and competent in criminal cases, and if it is of such a character as to exclude

every reasonable hypothesis other than appellant's guilt, it is entitled to the same weight as direct evidence. *pp. 11, 12.*

APPEAL AND ERROR.—*Failure to Discuss Error Assigned.—Waiver.*— In order to secure the consideration of an assigned error the same must be supported by argument. It is not enough to assert in general terms that the ruling is wrong. *p. 12.*

SAME.—*Instruction.—When not all in Record.—Presumption.*—Where all the instructions are not in the record the presumption is that the instructions given to the jury, but omitted from the record, contained the substance of all proper instructions refused. *p. 12.*

SAME.—*Affidavits in Support of Motion for New Trial, How Made Part of Record.*—Affidavits filed in support of a motion for a new trial can only be brought into the record by bill of exceptions. *p. 12.*

EVIDENCE.—*Contradiction of Witness as to Collateral Matter.*—Evidence is not admissible to contradict the statement of a witness as to a collateral matter. *p. 13.*

From the Howard Circuit Court. *Affirmed.*

*Reynolds & Sills*, and *J. C. Herron*, for appellant.

*W. A. Ketcham*, Attorney-General, *B. F. Harness*, *J. C. Blacklidge* and *C. C. Shirley*, for State.

MONKS, J.—The indictment against appellant was in three counts. The first charged appellant and one Hawley with the crime of robbery, under section 1987, Burns' R. S. 1894 (1914, R. S. 1881). The second and third counts charged the offense of assault and battery with intent to commit the crime of robbery, under section 1982, Burns' R. S. 1894 (1909, R. S. 1881). There was a separate trial of appellant by jury, and a verdict of guilty returned as charged in the first count of the indictment, and over a motion for a new trial, judgment was rendered upon the verdict.

The only error assigned and not waived calls in question the action of the court in overruling the motion for a new trial.

The first cause assigned for a new trial is misconduct of counsel for the State in his opening statement to the jury.

It appears from the record that Frederick Hawley, who was jointly indicted with appellant, testified as a witness on behalf of appellant.

Counsel for the State, in his opening statement, anticipating the defense of alibi, said in substance, that if Hawley testified as a witness the State would show, as affecting his credibility as a witness, that after he was arrested he said that he was at home with his father and mother on the night when the crime charged was committed; that he lied about his whereabouts immediately after his arrest, and that, after the falsity of his statement was made apparent, he called to his aid, by means of a written communication, one of the most disreputable prostitutes of the town to induce her to swear that he had slept with her all that night, and therefore could not have been present. Counsel objected to this statement for the reason that what Hawley said was after the offense was committed, and not in the presence of appellant; that the State has no right to anticipate what Hawley will testify to as a witness, and can only state to the jury what the prosecution expects to prove in the first instance, that is, in chief, and not what the State may expect to prove if this witness or that witness testifies, by way of rebuttal or impeachment.

Counsel for the State also said: "I think the jury understand me, that my statement is not testimony; I don't claim it as testimony. I certainly have the right to say what our answer will be to Hawley, and it is due to the defense for us to tell what our answer will be to him in the event that he should make the claim on the witness stand, as we understand he made to the officer when he was arrested."

The court overruled said objection, and admonished the jury that the statements by the counsel for the State should not in any wise affect the defendant; that

such evidence, if it becomes admissible, would only go to the credibility of Hawley, if he testified in the case. Counsel for appellant thereupon moved the court that the case be withdrawn from the further consideration of the jury and that the jury be discharged, which motion the court overruled.

While the State is not required in an opening statement to anticipate the defense of alibi, or any other defense, yet the appellant had no grounds to complain because the opening statement to the jury advised him, in advance, of evidence the State expected to give in rebuttal or by a cross-examination of his witness.

Hawley testified as a witness, and his testimony and other evidence in the case strongly tended to support the statement to which objection was made. Even if such statements had not been sustained by the evidence, appellant would not be entitled to have the verdict set aside for that reason. The jury had been informed that the statement was not evidence, and we must ascribe to jurors ordinary intelligence.

Under the facts shown by the record the statement was not such as would justify a reversal under the rule established in this State, even though no evidence were subsequently given to sustain the same. *Livingston* v. *State*, 141 Ind. 131, and cases cited; *Combs* v. *State*, 75 Ind. 215.

Besides, the scope of an opening statement, and whether the plaintiff in a case may anticipate a defense and state what will be shown in rebuttal, or that if certain persons testify, evidence will be given to impeach them, rest largely in the discretion of the trial court, and the cause will not be reversed, unless there has been a clear abuse of such discretion. *Combs* v. *State*, *supra*, on p. 220, and cases cited.

The trial court did not err in overruling appellant's objection, or his motion to discharge the jury.

One cause assigned for a new trial is that the court erred in refusing to permit appellant to prove by himself and other witnesses that he owned twenty acres of land in White county, of the value of $800.00, when the offense was committed. This evidence was offered on the theory that it would show the absence of motive, and the case of *Cavender* v. *State*, 126 Ind. 47, is cited by appellant to sustain this contention. In that case it appeared that the evidence was wholly circumstantial, that the defendant had an unblemished reputation, and the court held that the evidence was not sufficient to sustain a conviction. The question of the admissibility of evidence was not presented or considered in that case. It is well settled that proof of a motive is not indispensable to a conviction of crime. 1 Bishop Crim. Proced., section 1107; *Stitz* v. *State*, 104 Ind. 359, and authorities cited.

If evidence that appellant was worth $800.00 in real estate was admissible for the purpose of showing that he had no motive, then it would seem that it would be competent for the State to prove, as showing motive, that he had no property, or only a small amount of property. It would resolve itself into the proposition that men who are poor are constantly under the temptation to rob their more fortunate neighbors, and that they need only the opportunity to yield to the temptation. In other words, proof of poverty tends to show a motive for the crime of larceny or robbery, while proof of riches tends to show a want of motive. Among the motives recognized as impelling men to commit crime is the desire of gain. *Stitz* v. *State, supra;* Wills on Cir. Ev., 39; Burrell on Cir. Ev. 281. This motive, however, has influenced the conduct of rich persons as well as poor persons. Men do not rob or steal except as they have a desire to do so; but such desire does not come so much from

the poverty of the individual as from the absence of a moral sense, and desire to possess at all hazards some-thing that does not belong to him.   The evidence was properly excluded from the jury.

The next cause specified for a new trial is that the court erred in permitting Mrs. Ellis, wife of the prose-cuting witness, to testify as to statements made by her husband.   It appears from the record that Ellis, the prosecuting witness, testified that he recognized appellant as one of the persons who committed the robbery.   To impeach this witness, evidence was given on behalf of appellant that Ellis had, after the occur-rence, stated that he did not recognize appellant as one of his assailants.   Thereupon, to sustain said wit-ness, the court permitted the State to show by a num-ber of witnesses, including his wife, that he had made statements, in harmony with his testimony, that he had recognized appellant as one of the persons who committed the robbery.   There is nothing in the record showing that other persons were not present when the prosecuting witness made the statement tes-tified to by his wife; on the contrary, it appears that he was brought home by two persons after he was robbed, and that he made the statement testified to as soon as he was brought home.   It would seem from this that the persons who brought him home heard the statement.   Under such circumstances, the state-ment could not be regarded as confidential.   The rule is that conversations between husband and wife in the presence of third persons may be testified to by the husband or wife, if they are material.   *Mercer* v. *Pat-terson,* 41 Ind. 440, and cases cited; *Mainard* v. *Reider,* 2 Ind. App. 115; *Lyon* v. *Prouty,* 154 Mass. 488, 28 N. E. 908.

Even if said statement was made by the husband to his wife when no other person was present, it was not

such a communication as is rendered incompetent under our statutes. *Beitman* v. *Hopkins,* 109 Ind. 177, and cases cited; *Beyerline* v. *State, post,* 125.

It is urged that the court erred in giving instructions two, three and seven of its own motion, and in refusing to give an instruction asked by appellant. In instruction one, the court gave to the jury an accurate statement of each count in the indictment, and the force and effect of each. Instruction two given to the jury was a copy of section 1987, Burns' R. S. 1894, defining the crime of robbery and fixing the punishment therefor. Counsel for appellant insist that "this instruction was incomplete because the court did not copy and read in connection therewith section 1982, Burns' R. S. 1894, which defines the offense of assault and battery with intent to commit a felony and fixing the punishment therefor, being the section upon which the second and third counts were based; that the court should have instructed the jury that under the second and third counts they might, if the evidence required it, find the appellant guilty of assault or assault and battery with the intent charged, or that they might find him guilty of an assault and battery only, and that if there was any reasonable doubt in which of two or more degrees of the offense charged in said second and third counts he was guilty, they should find him guilty of the lowest degree only, as provided in section 1824, Burns' R. S. 1894 (1755, R. S. 1881); that by the failure of the court to call the attention of the jury to said sections, the cause was submitted to them without full instructions as to the law, and that such omission was prejudicial to the rights of appellant." Instruction two, however, was correct as far as it went and was applicable to the evidence, and it is a well settled rule that the judgment will not be re-

versed in such a case because all the matters of law involved in the case were not covered by the instructions given. The remedy in such a case is to ask an instruction covering the omitted legal proposition, and in case of refusal, to reserve an exception. This rule has been applied when the court omitted to instruct as to the lower grade of the offense, or as to the penalty, as well as to omissions to charge as to other legal propositions equally as important. *Garber* v. *State*, 94 Ind. 219; *Rauck* v. *State*, 110 Ind. 384; *Keyes* v. *State*, 122 Ind. 527; *Grubb* v. *State*, 117 Ind. 277; *Morgan* v. *State*, 117 Ind. 569; *Conrad* v. *Kinzie*, 105 Ind. 281; *Harper* v. *State, ex rel.*, 101 Ind. 109; *Barnett* v. *State*, 100 Ind. 171; *Powers* v. *State*, 87 Ind. 144, 153; *Hodge* v. *State*, 85 Ind. 561; *Rollins* v. *State*, 62 Ind. 46, 54; *Adams* v. *State*, 65 Ind. 565; *McClary* v. *State*, 75 Ind. 260.

Besides, it will be observed that appellant was acquitted of the offense charged in the said second and third counts. Moreover, it is not shown that the instructions contained in the bill of exceptions were all the instructions given to the jury. In such a case, the presumption is in favor of the action of the trial court, and that all proper instructions were given, but omitted from the record on appeal. *Reinhold* v. *State*, 130 Ind. 467, 472, and cases cited; *Pence* v. *Waugh*, 135 Ind. 143, 158.

In the third instruction the court said to the jury that "it is necessary for the State to prove appellant guilty as charged, beyond a reasonable doubt; yet, if the proof is of that nature that it would control or decide the conduct of reasonably prudent and conscientious men in the highest and most important affairs of life under circumstances where they were not compelled to act at all, then, as a matter of law, the facts established by such evidence are deemed to be estab-

lished beyond a reasonable doubt, and the jury, with that kind and degree of proof before them should convict."

Counsel for appellant insist that this instruction is erroneous for the reason that the jury in a criminal case are the judges of the weight of the evidence and the credibility of the witnesses, and are also the judges of the law, and it is not for the court to say upon what evidence they shall convict. This instruction does not invade the province of the jury in any manner. The weight of the evidence and the credibility of the witnesses are left to the jury. It only instructs the jury that if they are convinced by the evidence beyond a reasonable doubt that appellant is guilty, they should find him guilty. The jury, under the instructions, are to determine whether the evidence establishes his guilt beyond a reasonable doubt. When the jury come to the conclusion that a defendant's guilt is established by the evidence beyond a reasonable doubt, they have no choice, but must find him guilty; they have no right under the law in such a case to find him not guilty, and it is not error to so instruct them. Appellant has no ground to complain of said instruction.

The seventh instruction stated to the jury that circumstantial evidence was legal and competent in criminal cases, and if it was of such a character as to exclude every reasonable hypothesis other than appellant's guilt, it was entitled to the same weight as direct evidence.

Counsel for appellant say that they do not recall any circumstantial evidence in the case, and that the court had no right to say circumstantial evidence shall have the same or greater weight than direct evidence. If there was no circumstantial evidence in the case the instruction was harmless. The instruction

does not state that circumstantial evidence is entitled to the same weight as direct evidence, but the clear meaning is that when a defendant's guilt is established by circumstantial, it is the same as if it were established by direct evidence. The instruction does not say that circumstantial evidence of the character and extent named authorizes conviction, and it would not be erroneous for that reason if it did. This court has said that to sustain a conviction the facts proved must be such as to exclude every reasonable hypothesis inconsistent with the defendant's guilt. *Cavender* v. *State, supra; Schusler* v. *State*, 29 Ind. 394; *Sumner* v. *State*, 5 Blackf. 579. See also note to *Rippey* v. *Miller*, 62 Am. Dec. p. 182.

Counsel for appellant complain of the action of the court in refusing to give an instruction, which instruction and refusal of the court are in the record. The question is waived by the failure to discuss the same. It is not enough to assert in general terms that a ruling is wrong, but in order to secure a consideration of that point, the same must be supported by argument. Elliott's App. Proced., section 445.

Moreover, as all the instructions given to the jury are not shown to be in the record, the presumption is that the instructions given to the jury, but omitted from the record, contained the substance of all proper instructions refused, and that, therefore, appellant was not harmed by the refusal to give said instructions, even if the same were correct. *Reinhold* v. *State, supra; Delhaney* v. *State*, 115 Ind. 499; *Lehman* v. *Hawks*, 121 Ind. 541; *Ford* v. *Ford*, 110 Ind. 89.

Besides, there is nothing to show that the refusal of the court to give said instructions was assigned as a cause for a new trial. The instruction is not numbered and is not identified in any manner in the motion for a new trial.

Another ground assigned for a new trial was newly discovered evidence. The affidavits filed in support of this cause for a new trial can only be brought into the record by a bill of exceptions. Elliott's App. Proced., section 817; Gillett's Crim. Law (2d ed.), section 990. This has not been done, and there is nothing in the record to support said cause for a new trial.

During the progress of the trial one Welty, a witness for the State, was asked on cross-examination, as affecting his credibility, if he had not made a statement to one Dean indicating a prejudice against appellant, which he denied. Dean was called as a witness on behalf of appellant and testified that Welty made the statement referred to. Welty testified in rebuttal and gave his version of the conversation between himself and Dean. After the close of the evidence in rebuttal, appellant offered evidence to contradict a statement made in said conversation, which the court excluded. The refusal of the court to permit appellant to give this evidence is assigned as a cause for a new trial. The evidence offered was concerning a collateral matter, and neither proved nor tended to prove any issue in the cause, and was properly excluded by the court.

There was evidence to sustain every allegation in the count charging the offense of robbery, and under the rule established in this State we cannot reverse the case upon the evidence. *Livingston* v. *State, supra; Deal* v. *State*, 140 Ind. 354.

Finding no error in the record, the judgment is affirmed.