JEFFRIES ET AL. *v.* STATE OF INDIANA.

[No. 24,638. Filed February 26, 1925.]

1. RAPE.—*Evidence.*—*Sufficiency to Support Verdict.*—Evidence considered and *held* sufficiently to support an inference that the crime of rape was consummated by penetration. p. 650.
2. CRIMINAL LAW.—*Instructions.*—*Necessity for Request.*—If an instruction concerning the weight of the evidence, the credibility of witnesses, and the duty of the jury on a conflict of testimony, has been given but does not go far enough, and appellants have not tendered further instructions to supply omissions, they cannot complain if it was not as full and complete as they would be entitled to on proper request. p. 651.
3. RAPE.—*Instructions.*—*Degrees of Crime.*—Upon a prosecution for rape, after the jury have been instructed as to their duty if they find the defendants guilty of rape, or of contributing to delinquency, or of assault and battery, it is not reversible error if the jury is not instructed concerning assault and battery with intent to commit rape or other felony, if defendants have not tendered any instructions supplying that omission, particularly as no substantial rights of defendants could be affected, the penalty for the omitted offense being the same as for rape. p. 651.
4. CRIMINAL LAW.—*Instructions.*—*Forms of Verdict.*—A jury having been instructed as to four forms of verdict which they might adopt, the appellants cannot complain that additional

possible forms were not submitted when they have not tendered any, and have not pointed out any evidence· or any state of facts that would not be covered by a form of verdict presented by the court. p. 652.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Teddy Jeffries and William Morris were convicted of statutory rape, and they appeal. *Affirmed.*

*Will R. Vosloh* and *Alfred M. Beasley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Cronk & Wilde,* for the State.

EWBANK, J.—Appellants were convicted of the crime of forcibly raping a girl seventeen years old. She testified that the crime was committed by each of them, in turn, while out for a drive in an automobile.

Each of them told the arresting officers the next morning, after the alleged assault that he had had sexual intercourse with the complaining witness the night before, though each testified at the trial that he only hugged and kissed her, and tried without success, to induce her to submit to him. On returning from the drive they let the girl out of the car a square from her home, after midnight, and as she met her father "she was doubled over, limping, and trying to hollow at him, and crying," with her clothing badly torn and her body and limbs badly bruised. She described the acts of each defendant in the automobile, down in a woods far from any house, where the automobile was stopped, in language which reasonably could be understood only as meaning that after overpowering her by force, each held her in turn while the other had sexual intercourse with her, although decency of speech

1. was observed to a greater degree than was strictly necessary. But the proof of what they did and what they said at the time, and of what they ad-

mitted to the police officers the next morning, sufficiently supported the inference which the jury drew that the crime of rape was consummated by penetration. *Bradburn* v. *State* (1904), 162 Ind. 689, 71 N. E. 133; *Taylor* v. *State* (1887), 111 Ind. 279, 12 N. E. 400.

Having correctly instructed the jury as to reasonable doubt, the presumptions in favor of defendants, and the rule as to concurrence of twelve minds in re-

2. turning a verdict, the court gave an instruction telling them that they were the judges of the weight of the evidence and credibility of the witnesses and that if there was a conflict of testimony the jury should reconcile it, if they could, on the theory that all the witnesses had told the truth, but if they could not reconcile it they should determine for themselves whom they would believe and whom they would disbelieve. Counsel repeat more than once that their objection to this instruction is that it did "not go far enough" in that it failed to instruct the jury further as to the presumption of innocence, by telling them that if it could reasonably and consistently be done they should "reconcile the evidence upon the theory that the defendants were innocent." But if the instruction given was correct as far as it went, and appellants failed to tender and ask the court to give further instructions supplying what it omitted, they cannot successfully complain because what was given was not as full and complete as they would be entitled to on proper request. *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632; *Phillips* v. *State* (1921), 190 Ind. 159, 162, 163, 129 N. E. 466.

An instruction was given telling the jury what would be their duty in case they found the defendants guilty of the offense of rape, as charged in the first

3. count of the indictment, or of contributing to the delinquency of the girl, as charged in the third

count, or only found them guilty of assault and battery. And appellants insist that the court should also have given an instruction as to the duty of the jury in case they found defendants guilty of an assault and battery with intent to commit rape, or other felony. But appellants did not request any instructions covering the omissions complained of, and failure to instruct as to all the lesser degrees of the crime embraced by the charge on which defendants were being tried is not cause for reversing the judgment, where no instructions on that subject were asked. *Reynolds* v. *State* (1897), 147 Ind. 3, 9, 10, 46 N. E. 31; *Chesterfield* v. *State, supra.* Besides, the penalty for assault and battery with intent to commit rape by force is the same as the penalty for rape, so that no substantial rights of the appellant could be affected by the failure to give a separate charge as to that offense. §2250 Burns' Supp. 1921, §1, Acts 1921 p. 373.

4. Appellants also complain of an instruction to the effect that four forms of verdict were submitted to the jury for their action, and that whichever they might adopt should be signed by their foreman and returned into open court, insisting that any one of six verdicts was possible under the issues. But again, appellants did not request that additional forms of verdict be submitted, and appellants have not pointed out nor suggested that any evidence was introduced at the trial that tended to prove a state of facts which could not be fully found by a verdict in the form of one of those prepared by the court. No available error was committed in giving the instructions excepted to.

The judgment is affirmed.