BOWMAN *v*. STATE OF INDIANA.

[No. 26,248. Filed November 21, 1934.]

*Ira C. Tilton,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Ralph E. Hanna,* Deputy Attorney-General, and *Howard D. Clark,* for the State.

HUGHES, C. J.—This was a prosecution by the State of Indiana against the appellant, upon an affidavit charging rape upon the person of one Berniece Sheets, a female child under the age of 16 years. The appellant was tried by a jury and found guilty. The alleged crime was committed on December 10, 1930, and the affidavit charging the crime was filed March 23, 1932. The appellant, being twenty years of age, was sentenced to the Indiana State Farm for a period of one year.

The errors relied upon for reversal are as follows:

(1) The court erred in overruling appellant's motion to set aside the verdict.

(2) The court erred in overruling appellant's motion for a new trial.

Appellant assigns several reasons for a new trial, and without setting them out in full we will consider them as presented in the motion.

He first complains of that part of instruction number nine, which says: "The defendant in this case has testified in his own behalf. He is an interested witness and you have the right to consider his interest in weighing his testimony the same as you would consider the interest of any other witness having a like degree of interest in the outcome of this case." We do not think the above language is subject to the criticism offered by appellant; neither do we think the instruction is erroneous. It can not be doubted that the appellant was an interested witness and it is always proper for the jury to consider the

interest of a witness in the result of the case, and in weighing the evidence of an interested witness, the jury has the right to consider the interest of the witness. The jury was instructed that they had the right to consider the interest of defendant in weighing his evidence the same as the interest of any other witness having a like degree of interest in the outcome of the case. We can not see that this was unfavorable comment, as claimed, on the testimony of the defendant.

The appellant cites the cases of *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892; and *Kell* v. *State* (1923), 194 Ind. 374, 379, 142 N. E. 865. Instruction No. 6 in the Scheerer case, *supra,* was held bad, and properly so, but it is entirely different from the one under consideration. In the instruction given in the Scheerer case, the court told the jury that there was a "sharp conflict in the evidence." This was not proper. It was the province of the jury to determine whether or not there was a conflict, and, if so, it was also their duty to reconcile the evidence if possible. The statement that there was "a sharp conflict in the evidence" coupled with the further statement "you should consider his (defendant) interest in the result of the case" had the effect, as stated by the court, to discredit the testimony of the defendant.

In the Kell case, *supra,* the following was a part of an instruction given: " 'If you believe the things to which the defendant has testified as a witness it will become your duty to give to it such force and effect as you deem it to be entitled to when *considered in connection with the other testimony* given upon the trial relating to some matter.' " (Our italics). This instruction was condemned by this court for the reason as said: "If the jury were satisfied that his testimony was true it was their duty to believe and act upon it without reference to other testimony." This is correct. If

upon the trial of a cause the jury believe that the testimony of a witness is true it can not be cast aside or disregarded on account of other testimony given relating to the same subject matter. In the instant case this question is not involved and we do not consider the Kell case, *supra*, in point.

It is next contended that the court failed to instruct the jury to reconcile the testimony upon the theory that the appellant is innocent. The court did, however, instruct the jury that the defendant is presumed to be innocent of any crime and that presumption continued to attend him step by step throughout the trial, and could only be overcome by such a degree of evidence as convinced the jury of the guilt of the appellant beyond a reasonable doubt.

The appellant did not tender or request any instruction as to the duty of the jury to reconcile the evidence, if possible, on the theory of his innocence. It is true that he had the right to such an instruction, but he can not complain of the ommission of such an instruction by the court unless he has prepared and tendered an instruction on the subject with a request that it be given. *Alexander* v. *State* (1930), 202 Ind. 1, 5, 170 N. E. 542; *Jeffries* v. *State* (1924), 195 Ind. 649, 146 N. E. 753; *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54. The precise question is raised in the case of *Alexander* v. *State, supra,* and the court said: "Appellant also complains that this second instruction nowhere told the jury to reconcile the evidence, if possible, on the cry of appellant's innocence. Appellant did not request any such instruction, which was his legal privilege, and his duty if he wished to base error upon its absence." And, as said in the case of *Powers* v. *State* (1882), 87 Ind. 144, 153: "If instructions are not as full as desired, or do not cover all of the points in the case, the party desiring further instructions must ask for them, and

submit such as he desires given. Appellant's counsel argue that under section 1823, R. S. 1881 (§2301, Burns 1926), §9-1805, Burns 1933, §2385 Baldwin's 1934, it was the duty of the court, without suggestion or asking, to properly instruct the jury upon every point in the case. The position seems to be that if, by oversight, mistake or accident, any point is omitted by the court in its instructions, the omission is fatal, whether the attention of the court may have been called to the matter or not. In other words, that the party and his counsel, knowing that the court is omitting to instruct the jury upon some point in the case, may remain quiet, and, without asking for further instructions, procure a reversal of the judgment on account of such omissions. Such a practice would be wrong in theory and mischievous in results."

The appellant further contends that the court erred in not instructing as to the different degrees of the crime charged in the affidavit filed against him. The instruction given on this subject was as follows: "This prosecution is based upon a statute of the State of Indiana which provides that 'whoever unlawfully has carnal knowledge of a female child under sixteen years of age is guilty of rape in the first degree and on conviction shall be imprisoned in the State prison for not less than five nor more than twenty-one years.' " No instruction was tendered or requested by the appellant upon the lesser degrees of crime embraced in the charge and therefore no error was committed by the court. The cases just cited are applicable to this point and in addition thereto we cite the cases of *Reynolds* v. *State* (1896), 147 Ind. 3, 9, 46 N. E. 31; *Jeffries* v. *State, supra,* and *Chesterfield* v. *State* (1924), 194 Ind. 282, 141 N. E. 632. In the Reynolds case, *supra,* the appellant contended that the jury should have been instructed as to the different degrees of crime contained in the charge. The court said: "In-

struction two, however, was correct as far as it went and was applicable to the evidence, and it is a well settled rule that the judgment will not be reversed in such a case because all the matters of law involved in the case were not covered by the instructions given. The remedy in such a case is to ask an instruction covering the omitted legal proposition, and in case of refusal, to reserve an exception. This rule has been applied when the court omitted to instruct as to the lower grade of the offense, or as to the penalty, as well as to omissions to charge as to other legal propositions equally as important." Citing many cases.

Complaint is also made by appellant that the court submitted only two forms of verdict, but the record does not show that the appellant tendered or requested any other forms of verdict covering lesser degrees of crime embraced within the charge against appellant and therefore no error was committed by the court as to this proposition under the authority of the cases heretofore cited.

The appellant further contends that instructions five and seven are erroneous, because of the following statement contained in each instruction, "If you are convinced beyond a reasonable doubt that the defendant is guilty as charged in said affidavit, it is your duty to convict." When these two instructions are considered as a whole and in connection with the other instructions given in the case, they can not be said to be erroneous. The jury was fully instructed on the issues in the case. Under the instruction the weight of the evidence and the credibility of the witnesses were left to the jury and the jury was also told that it was the judge of the law and of the facts. Instructions five and seven do not invade the province of the jury in any manner. Under the instructions the jury was to determine whether the evidence established ap-

pellant's guilt beyond a reasonable doubt. When a jury comes to the conclusion that defendant's guilt has been established beyond a reasonable doubt, they have no choice, but must find him guilty, they have no right under the law in such case to find him not guilty, and it is error to so instruct them. *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169; *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118; *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Reynolds* v. *State, supra.*

The appellant also complains of the overruling of his motion to set aside the verdict on the grounds of misconduct on the part of the jury, the bailiff, and the court. With the motion, affidavits of the defendant, John Podresky, his attorney, Ralph Moore, and Rex Clinger were filed in support thereof.

The motion and affidavit of the defendant to set aside the verdict is as follows:

"Comes now the defendant and moves the court to set aside the verdict of the jury in this cause on account of the unlawful and irregular conduct of the bailiff in charge of the jury which alleged misconduct is as follows, to-wit: After the jury had retired to the jury room said bailiff was seen to go in and out of said room on several occasions, and that his manner in going in and out of said jury room was such that it aroused suspicion on the part of persons in said court room, a number of whom were present and awaiting said verdict. Defendant alleges that at one time said bailiff after he had spent some time in the room with said jury, came out and went to the judge and stated to him that the jury were uncertain as to certain evidence in the case, and that they desired to be informed, that said bailiff returned to said jury room and remained therein for a longer period of time than seemed necessary to convey to said jury any message that may have been authorized by said judge to be conveyed by said bailiff to said jury.

"Defendant further alleges that on another occasion while said jury was deliberating, that said

bailiff entered said jury room where he remained for several minutes after which he came out from said jury room into the corridor of said court house and accosted the defendant where he was standing together with a number of persons and asked defendant his exact age, that a few minutes later said bailiff approached the door of said jury room without any summons, that defendant could see said bailiff open the jury room door and enter therein, where he remained for several minutes. Defendant alleges that he is informed and verily believes that said bailiff conveyed to said jury the information as to defendant's age, and that he engaged in conversation with said jurors, that said bailiff communicated with said jury in an unlawful and unauthorized manner, that he was biased and prejudiced against this defendant, and that the attitude of said bailiff throughout the trial was biased and prejudiced against this defendant, and that said bias and prejudice on part of said bailiff affected said jury against said defendant.

"Defendant further alleges that information as to the deliberations of said jury and the result of their ballot became a matter of comment among by-standers in and around the court room, causing defendant to suspicion that irregularities existed on the part of the jury in their deliberations. Defendant further alleges that it had come to his knowledge since the trial of said cause that certain jurors who voted for his acquittal were persuaded by other jurors to vote guilty, on the argument and statements of said jurors, that the judge had both the authority and inclination to be lenient with the defendant, thereby procuring a compromise verdict, and that said verdict was not arrived at in a lawful manner, defendant alleges that such information concerning the law became known to said jurors, is evidence in itself that communications were unlawfully made to said jury affecting their verdict.

"Defendant further alleges that other information has come to him of further appearance of irregularities on the part of the jury and bailiff, more particularly set out in affidavits attached hereto and made a part of this motion.

"WHEREFORE, defendant prays that because of said misconduct and irregularities as aforesaid that the verdict herein be set aside."

The affidavit of John Podresky was in part as follows:

"John Podresky, being first duly sworn, says that he is one of the attorneys for the defendant in the above entitled cause, that after the trial thereof and while the jury were in the jury room for the purpose of deliberating upon a verdict it was called to his attention that the bailiff of said court in charge of the jury was going in and out of the jury room more frequently than appeared to be necessary in accordance with the duties of bailiffs as provided by law; that he then recalled that he did not know certainly whether said bailiff had been sworn according to law or not, and that in fact he had observed that said bailiff was in attitude and demeanor what is commonly called unduly officious, and that he had been in and out of said jury room and in consultation with the judge and other persons in a manner that indicated that he was unduly interested and over concerned with reference to what the jury were doing.

"Affiant says that he called the attention of his co-counsel, Ira C. Tilton, to the fact that the suspicions of himself and others in the courtroom had been aroused so that it was suspected that communications were being conveyed to said jury by said bailiff that were in violation of his duty as such bailiff; that the suspicions of the affiant were confirmed upon investigation to the extent that he learned from his co-counsel and the judge of said court that said bailiff had endeavored to interrogate the judge in regard to the evidence in said case, stating that the jury wanted to know what the evidence of the defendant was concerning an alleged trip to Chesterton, Indiana, and that the bailiff had also talked to the defendant asking him to tell him his age, which defendant did, and that the bailiff then went into the jury room and told the jury how old the defendant said he was."

The affidavit of Ralph Moore in support of said motion, is as follows:

"Ralph Moore, being first duly sworn on his oath, deposes and says that he is a resident of Michigan City, Indiana, residing at 516 East Gar-

field; that he was present and in the courthouse at Michigan City part of the time during the trial of the above entitled cause; that while the jury was deliberating for the purpose of arriving at a verdict, he in company with others were in the corridor of the courtroom when the bailiff in charge of said jury came out of said jury room to the defendant, Frank Bowman, and asked said Frank Bowman to tell him his age, that within a very few minutes thereafter the said bailiff again went into the room with the jury, that it appeared to him that the said bailiff came to Mr. Bowman for the purpose of ascertaining his age and conveying said information to said jury. That said bailiff did go in and out of said jury room and have said conversation with said Frank Bowman, affiant says actually occurred within his sight and within his hearing."

The affidavit of Rex Clinger is in substance the same as that of Ralph Moore.

No counter affidavits were filed by the State, and no evidence introduced contradicting the affidavits in support of the motion to set aside the verdict.

Section 2306, Burns 1926, §9-1810, Burns 1933, §2290, Baldwin's 1934, provides:

"After hearing the charge, the jury may either decide in court or retire for deliberation. They may retire under the charge of an officer, who must be sworn by the clerk to keep them together in some private and convenient place, and furnish them food as directed by the court, and not permit any person to speak or communicate with them, nor do so himself unless by order of the court, or to ask them whether they have agreed upon their verdict, and return them into court when so agreed, or when ordered by the court. The officer shall not communicate to any person the state of their deliberations; and, if he does, he shall be punished as for a contempt, and shall not be further employed as a bailiff in such court."

The purpose of the above section of the statute is clear and positive. The jury, when deliberating is to be kept perfectly clear from any outside influence and no

one, including the bailiff, is to be permitted to be in communication with them except by order of the court. If the bailiff is to be permitted to go back and forth in the jury room and carry to the jury room outside information as to the case, then the verdict would be a farce and no one would contend for a moment that such a verdict should stand. The affidavits filed in this case in support of the motion to set aside the verdict are not contradicted by the State; no counter affidavits filed and no evidence introduced.

In the case of *Rickard* v. *State* (1881), 74 Ind. 275, 278, cited by the appellant, there was an affidavit filed by the appellant to the effect that the bailiff in charge of the jury had access to the jury room and passed in and out during the deliberation of the jury and a large part of the time remained in the jury room. The court in passing upon this question said:

'An officer having a jury in charge, either in a civil or criminal case, has no authority, under our law, to speak to them, except to ask them if they have agreed upon a verdict, unless by order of the court; and in neither case is it contemplated that he may be present during their deliberations."

The case quoted from was reversed on account of the misconduct of the bailiff. We think, however, the above case has been somewhat limited by later decisions so that the question of whether or not the presence of the bailiff or other person will vitiate the verdict depends upon whether or not the appellant was harmed thereby.

The conduct of the bailiff was reprehensible and a gross abuse of his duties as a bailiff. We think, however, this case comes squarely within the case of *Messenger* v. *State* (1899), 152 Ind. 227, 231, 52 N. E. 147, wherein the appellant insisted that the case should be reversed for misconduct of the bailiff. The court said:

"Again, upon another view of the question, were it conceded that the alleged misconduct was of a character which might vitiate the verdict, still it is not disclosed whether or not appellant or his counsel obtained information in regard to such misconduct, before or after the return of the verdict. If appellant had knowledge before its return, it was manifestly his duty to make complaint to the court, and interpose his objections in due season, and not wait until the jury had returned what he might consider an unfavorable verdict, and then challenge it upon the ground of the alleged misconduct. If he had knowledge prior to the return of the verdict in regard to the alleged misconduct, he, at the first opportunity, certainly ought to have informed the court of the fact, in order that it might have an opportunity to remedy the harm done, if any, by an instruction to the jury, or, if it were deemed necessary under the circumstances, to withdraw entirely the submission of the case from the jury. Where a party fails to interpose seasonable objections in regard to alleged misconduct before a return of the verdict against him, without showing a sufficient excuse for such failure, it will be presumed that he acquiesced therein, and thereby waived his right to complain; and under such circumstances, he will not be heard, after the return of the verdict, to make complaint for the first time relative to such misconduct."

In the instant case there can be no question as shown by the affidavits, that the appellant and his counsel had knowledge of the alleged misconduct before the return of the verdict. They made no complaint, as shown by the record, until after the return of the verdict, and, therefore, under authority of the foregoing case, they have no right to complain now.

We have carefully read the evidence in the case and are of the opinion that it is sustained by sufficient evidence.

Judgment affirmed.