Robert W. KEIRNS,
Defendant-Appellant,
v.
STATE of Indiana, Plaintiff-Appellee.*
No. 3–1279A353.

Court of Appeals of Indiana,
Third District.

May 14, 1980.

* *Editor's Note*: The opinion of the Court of Appeals of Indiana in *Moorehead v. Singleton,* published in the advance sheets at this citation (403 N.E.2d 361), was withdrawn from the bound volume because it was designated not for publication.

Donald C. Swanson, Jr., Fort Wayne, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

■ Robert Keirns was charged with and convicted of attempted burglary.[1] The undisputed evidence of a breaking amply satisfies the statutory requirement of conduct constituting a substantial step toward commission of the intended offense. The issue posed by Keirns'·challenge to the sufficiency of the evidence is whether from the facts and circumstances disclosed at trial a jury could properly conclude beyond a reasonable doubt that Keirns intended to commit a burglary. Specifically, Keirns asserts that since he and his companion were still outside the dwelling when discovered by the police no reasonable finder of fact could conclude both that he intended to enter the dwelling and that once inside he intended to commit a theft or other felony as contemplated by the burglary statute. *See* IC 35–43–2–1.

We disagree. As an exercise in syllogistic logic it does not follow that because A broke a window he intended to steal that which was within the building behind the window. However, just as the law consists of more than formal logic,[2] the facts provide more than a broken window.

The evidence favoring the verdict establishes that Keirns and another went to the residence of Richard Bruns during the night time and while Bruns was away. A neighbor observed their auto stop in the street and then after a moment proceed on east. Minutes later it returned, passed the house, turned around again and backed into Bruns' driveway. The car then left again but returned in about ten minutes and was parked about two hundred (200) feet past Bruns' driveway. Keirns and his compan-

ion then went to Bruns' house. After breaking the storm doors at both the back and front of the house and apparently encountering solidly locked doors behind them, the pair had broken a living room window and proceeded to unlatch it when the police arrived. Both then attempted to flee, but Keirns was apprehended.

In *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841 our Supreme Court considered the sufficiency of the evidence to permit a reasonable inference of intended theft. The court concluded that where there was an unauthorized entry, in the absence of evidence that the entry was made for some other purpose, the necessary intent might be reasonably inferred simply from the time, force and manner in which the entry occurred. It concluded such intent could properly be found in the circumstances establishing that Lisenko used a pry bar to force open a door and enter a business building at approximately 4:00 a. m. while all the business employees were absent.

We find the same test appropriate and the inference of intent to steal similarly reasonable from the facts before us. From the evidence already recited, the jury could have reasonably inferred that Keirns intended to enter the Bruns home for the purpose of committing theft. The evidence was, therefore, sufficient.

■ Keirns additionally complains about the failure of the trial court to give an instruction concerning the presumption of innocence. His argument, however, does not disclose the instructions given by the court. It does appear from the record that he did not tender an instruction on the subject. We find he has thus failed to present error. *Bowman v. State* (1934), 207 Ind. 358, 192 N.E. 755.

Affirmed.

STATON and HOFFMAN, JJ., concur.

---

1. IC 35–41–5–1(a) provides,

   "A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a class A felony."

2. *See, e. g., Dewey, Logical Method & Law*, 10 Cornell L.Q. 17 (1924) and Holmes' classic, *The Path of the Law*, 10 Harvard Law Review 457 (1897).