**John WESTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 382S122.**

Supreme Court of Indiana.

April 22, 1983.

Susan K. Carpenter, Public Defender of Ind., David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, after trial by jury, of Attempted Murder, Ind.Code § 35–41–5–1; § 35–42–1–1 (Burns 1979), and sentenced to thirty-eight (38) years imprisonment. This direct appeal presents two issues:

(1) Whether the evidence is sufficient to sustain the conviction.

(2) Whether the trial court erred in not giving an instruction, *sua sponte,* upon the lesser included offense of Attempted Voluntary Manslaughter.

\* \* \*

## ISSUE I

■ Defendant was charged with the Murder of Fred Brinson and the Attempted. Murder of Richard Brinson after an incident in which he shot and killed Fred in the living room of an apartment, and almost immediately thereafter, seriously wounded Richard in an adjacent bedroom. The jury acquitted Defendant of the Murder charge.

Defendant's sufficiency challenge is premised upon an involved and purely speculative argument that the jury, by its acquittal, rejected the State's evidence of Defendant's intent to kill Fred Brinson. He reasons that, if he did not have the requisite intent to kill Fred Brinson, only seconds later, he could not have had the requisite intent to kill Richard Brinson. This contention wholly ignores the posture in which the case was submitted to the jury. The final instructions included a complete recitation of the law of self defense, Nos. 26–28, and a defense labeled, "accident", No. 29. Defendant cites nothing in the record which prevented the jury from reasonably concluding that he acted in self defense when he killed Fred, and act of Homicide to which no criminal liability attached, but thereafter, with the same intent to kill, unjustifiably shot Richard. Inasmuch, no doubt, as it would not succeed, Defendant eschews any assertion that these verdicts are inconsistent; however, his argument effectively asks us to employ the same omniscience, of which we have heretofore stated we are incapable in resolving claims of inconsistent verdicts, to interpret the jury's thought process in the case at bar. *Hicks v. State,* (1981) Ind., 426 N.E.2d 411, 414.

The evidence most favorable to the State reveals that Defendant, after killing Fred, reloaded the shotgun, burst into a bedroom, and seriously wounded Richard. From Defendant's act of using a weapon in a manner likely to cause death, the jury could reasonably have inferred the intent necessary to sustain a conviction for Attempted Murder. *Clay v. State,* (1982) Ind., 440 N.E.2d 466, 470; *Scott v. State,* (1980) Ind., 413 N.E.2d 902, 905. Additionally, there was evidence of animosity between Defendant and the Brinsons shortly before the shooting. There is no merit to Defendant's argument.

## ISSUE II

■ Defendant assigns error to the trial court's failure to instruct the jury, *sua sponte,* upon the lesser included offense of Attempted Voluntary Manslaughter. Defendant urges that he should not suffer for his lawyer's admitted ineptitude in having failed to tender an instruction and that the admission of the deficiency constitutes inadequate assistance of counsel. The alleged admission appears in the motion to correct errors as follows:

"The possibility of reading such instruction to the jury was never discussed, to the best of counsel's recollection; and

none was tendered. *Under the facts of the case, counsel never seriously contemplated a split verdict, but that is precisely what transpired."* (emphasis added).

The italicized sentence reasonably supports an inference that defense counsel's strategy did not include the possibility of a conviction for Attempted Voluntary Manslaughter. His purported concession of error is nothing more than speculation, arrived at only in retrospect, that a different tactic might have succeeded, because the one employed failed. There has been no showing of inadequate assistance of counsel, nor of error in the trial court's failure to instruct, as contended, or to grant a new trial.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.