James T. DOUGHERTY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–1282A362.

Court of Appeals of Indiana,
Fourth District.

July 28, 1983.

J.J. Paul, III, James H. Voyles, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

James T. Dougherty (Dougherty) appeals his jury conviction for child molesting, a class C felony.[1]

We affirm.

ISSUES

1. Did the trial court err by excluding the expert testimony of Donald Fox, a mental health counselor?

---

1. Ind.Code 35–42–4–3 provides in part:

(a) A person who, with a child under twelve [12] years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury.

(b) A person who, with a child under twelve [12] years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class C felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

2. Did the trial court adequately instruct the jury on the elements of the crime?

3. Did the trial court err by instructing the jury on the lesser included offense of battery, a class D felony, and by failing to instruct on battery, a class B misdemeanor?

4. Did the trial court commit fundamental error by giving a certain instruction and by failing to give another instruction and a complete verdict form to the jury?

5. Is the verdict supported by sufficient evidence?

6. Did the trial court err in the imposition of Dougherty's sentence?

FACTS [2]

■ On January 31, 1982, W.G., the five year old male victim, told his brother that his playmate's father, Dougherty, had sexually molested him. The brother told his mother on February 2nd and she called the police. The jury convicted Dougherty of child molesting, a class C felony. He appeals.

DISCUSSION AND DECISION

I. Expert Testimony

■ Dougherty argues the trial court erred by excluding the expert testimony of Donald Fox, a mental health counselor, on relevancy grounds. However, he acknowledges the admission of expert testimony is within the discretion of the trial court and we will reverse only for an abuse of that discretion. *Johnson v. State,* (1983) Ind., 446 N.E.2d 1307.

■ Here, Fox proposed to testify generally about adults' influence on children and how that influence can alter how those children recall events. However, Fox never interviewed or sought to interview either of the child witnesses in this case. There was

no connection made between the general effect of adults on children and any actual specific effect on these children. Thus, it was within the trial court's discretion to exclude the testimony on relevancy grounds.

II. Jury Instructions on Elements of the Crime

Next, Dougherty argues the trial court erred by failing to fully instruct the jury on the elements of child molesting. Specifically, he claims it failed to adequately define the words "with intent to" and erroneously refused to give his tendered instruction on specific intent. We disagree.

■ Generally, in order to claim error when the trial court fails to give an instruction, the defendant must tender an instruction on the subject. *Razo v. State,* (1982) Ind.App., 431 N.E.2d 550. Here, Dougherty did not tender an instruction containing a definition or explanation of the phrase "with intent to". Therefore, any error was waived.

■ Dougherty then argues the failure to adequately instruct on all elements of the crime is fundamental error, citing *Lacy v. State,* (1982) Ind., 438 N.E.2d 968. He claims the phrase "with intent to" as used in the statute is a term of art and therefore must be defined for the jury. In *Smith v. State,* (1981) Ind., 422 N.E.2d 1179, our supreme court held the words "recklessly, knowingly and intentionally" were terms of art because Ind.Code 35–41–2–2 specifically defines those terms. *Id.* at 1184. However, the phrase "with intent to" is not specifically defined in our statutes.[3] Thus, it is not a term of art. The jury could give the term its "common" meaning. *McFarland v.*

2. Since the State elected not to accept the facts as presented by the Appellant in his brief, it had a duty to present the facts as required by Ind.Rules of Procedure, Appellate Rule 8.3(A)(5). Here, the State largely quoted from the record and does not present "a concise narrative summary of the facts ...." *Moore v. State,* (1981) Ind.App., 426 N.E.2d 86, 90. It is, therefore, insufficient.

3. The phrase is set out specifically only as regards the intoxication defense in Ind.Code 35–41–3–5(b). For a construction of that statute, see this court's opinion in *Smith v. State,* (1982) Ind.App., 441 N.E.2d 984.

*State,* (1979) 271 Ind. 105, 390 N.E.2d 989, 994.

■ Dougherty also claims the trial court erred by refusing to give his tendered instruction on specific intent. In order for error to be predicated upon the failure to give a tendered instruction, that instruction must be both numbered and signed. *Askew v. State,* (1982) Ind., 439 N.E.2d 1350. Here the instruction was not signed. Therefore, any error in refusing to give the instruction was waived. *Id.*

### III. Jury Instructions—Lesser Included Offenses

Dougherty also argues the trial court erred by instructing the jury on battery, a class D felony, since that is not a lesser included offense of child molesting, and by failing to instruct on battery, a class B misdemeanor. We find Dougherty waived any error.

■ In order to preserve error, a defendant must have objected at trial on the same grounds he raises on appeal. See *Davidson v. State,* (1982) Ind., 442 N.E.2d 1076; *Coffee v. State,* (1981) Ind., 426 N.E.2d 1318. Here, Dougherty's objection at trial and in his motion to correct errors was the trial court failed to instruct on other lesser included offenses in addition to battery, a class D felony. He did not argue battery, a class D felony, was not a lesser included offense and therefore the jury should not have been instructed on it. Thus, any error was waived.

Also, in order to claim error in the failure to give a certain instruction, the defendant must tender an instruction on that subject. *Helton v. State,* (1980) Ind., 402 N.E.2d 1263; *Swan v. State,* (1978) 268 Ind. 317, 375 N.E.2d 198; *Razo v. State,* (1982) Ind. App., 431 N.E.2d 550. Here, Dougherty did not tender an instruction on the lesser included offense of battery, a class B misde-

meanor. For this reason also, any error was waived.[4]

### IV. Fundamental Error, Jury Instructions and Verdict Form

Next, Dougherty argues the trial court committed fundamental error in three respects: 1) by failing to instruct the jury on the proper verdict form to be used when finding him guilty or not guilty of battery, a class D felony, 2) by failing to give the jury a verdict form which included battery, and 3) by giving an instruction on reasonable doubt, lesser offenses which he claims misled the jury. We find no reversible error in any of these allegations.

■ Since the trial court instructed the jury on the form of verdict regarding child molesting, it should have done the same for battery Dougherty claims. Here the trial court instructed the jury only as to the elements of battery, not as to the form its verdict on that crime should take.

It was Dougherty's duty, not the court's, to tender the form of verdict he wanted given to the jury. *Bowman v. State,* (1934) 207 Ind. 358, 192 N.E. 755; *Jeffries v. State,* (1925) 195 Ind. 649, 146 N.E. 753. Its failure to tender such verdict form *sua sponte* to the jury was not fundamental error. Nor was this omission so prejudicial as to deny Dougherty fundamental fairness during his trial. See *Thomas v. State,* (1982) Ind.App., 442 N.E.2d 700.

Dougherty also argues there was fundamental error in failing to give the jury a complete verdict form. We cannot review this claim of error. We first note due to the lack of any blatant error evidenced on the face of the record, this allegation does not fit our definition of "fundamental error." See *Pedigo v. State,* (1981) Ind.App., 412 N.E.2d 132, 136.

Furthermore, in *Clemons v. State,* (1981) Ind., 424 N.E.2d 113, our supreme court

---

4. Dougherty argues he did not waive the issue by failing to tender an instruction because the trial court determined a battery instruction was necessary and, therefore, had a duty to instruct on all battery classifications applicable to this case. This argument is without merit. The court determined the battery, class D felony, instruction was necessary. If Dougherty wanted the jury instructed on other battery classifications, he had the duty to tender such instructions.

held defendant waived error, if any, when the trial court gave the jury an incomplete verdict form because he did not tender a proper or complete form himself. Thus, such failure cannot be fundamental error requiring reversal.[5] Because Dougherty neither tendered a complete verdict form nor an instruction setting out the form the jury should use, it was not fundamental error for the trial court not to do so, *sua sponte. See generally Weston v. State,* (1983) Ind., 447 N.E.2d 597; *Rose v. State,* (1983) Ind., 446 N.E.2d 598.

■ Dougherty also argues the trial court's instruction number 27[6] misstates the role of reasonable doubt when considering lesser included offenses. Having failed to properly raise or preserve the error, he once again claims it rises to the level of fundamental error. We disagree.

While this instruction is not a model of clarity, it does not constitute error "so prejudicial to the rights of the Appellant that he could not have had a fair trial." *Winston v. State,* (1975) 165 Ind.App. 369, 373, 332 N.E.2d 229, 231. Here, the jury convicted Dougherty of child molesting not battery. Since we presume the jury follows the court's instructions, *American Optical Company v. Weidenhamer,* (1980) Ind.App., 404 N.E.2d 606, *trans. pending,* we can infer it did not have reasonable doubt as to which crime Dougherty was guilty and therefore

did not have to address itself to the procedure outlined in this instruction. For this reason, Dougherty has failed to show prejudice[7] and we find no fundamental error.

### V. Sufficiency of the Evidence

Next, Dougherty claims the evidence is insufficient to support the verdict. We disagree.[8]

■ Our standard of review on sufficiency issues is well known. We will not re-weigh the evidence nor judge the credibility of witnesses. If there is substantial evidence of probative value on each element of the crime charged, we will affirm. *Bray v. State,* (1982) Ind., 443 N.E.2d 310, 312.

■ Generally, the testimony of the victim alone is sufficient 'to sustain a conviction for child molesting. *Bennett v. State,* (1980) Ind.App., 409 N.E.2d 1189. Furthermore, the specific intent required here may be inferred from all the circumstances. *Best v. State,* (1981) Ind.App., 418 N.E.2d 316.

■ Dougherty claims he touched the victim only to illustrate proper hygiene. However, the evidence most favorable to the verdict reveals Dougherty touched the five year old victim's genitalia numerous times. While the victim told Dougherty it hurt, Dougherty kept "pulling" on him. Furthermore, Dougherty told the victim his touching him "was a secret." The touching

---

5. *See also Long v. State,* (1884) 95 Ind. 481 where the court held it was not reversible error to fail to give the jury a verdict form for acquittal when none was requested.

6. Instruction number 27 provides:
   As stated in a previous instruction under the information filed in this case, the defendant may be found guilty of the crime of Child Molesting, a Class C Felony, or Battery, a Class D Felony.
   If, under the law and the evidence, you shall find the defendant guilty and have reasonable doubt as to whether he is guilty of the crime of Child Molesting, a Class C Felony, or Battery, a Class D Felony, he should be found guilty of the lesser offense, namely, Battery, a Class D Felony.
   And if you shall find the defendant not guilty of any crime charged in or covered by the information, then he should be found not guilty.

7. While Dougherty has failed to cite any persuasive authority on this precise issue, the State does no better. Its entire response to this argument is two sentences, one of which merely states the argument is "incomprehensible." It, too, cites no authority. For the proper form of appellate briefs, see A.R. 8.3(A) and *Moore v. State,* (1981) Ind.App., 426 N.E.2d 86.

8. While we do not agree with Dougherty's argument, we cannot summarily dismiss the argument as the State's brief seems to expect us to do. The substance of its argument on this issue is three sentences summarily stating Dougherty's argument is "specious" and under the facts of this case, there is sufficient evidence to sustain the verdict. This does little to enlighten the court on the merits of the argument, nor does it satisfy our appellate rules on brief writing. *See* A.R. 8.3(A).

occurred both in the bathroom and the bedroom of Dougherty's home. This is sufficient evidence from which the jury could infer Dougherty touched the victim with the specific intent to satisfy his sexual desires.

## VI. Sentence

Finally Dougherty argues the trial court failed to specifically set out the reasons for the enhancement of the sentence. We disagree.

Our standard of review on sentencing issues is well known. We will affirm the trial court's imposition of sentence unless it is manifestly unreasonable. Ind. Rules of Procedure, Appellate Review of Sentences 2; *Perry v. State*, (1983) Ind., 447 N.E.2d 599. Our supreme court has also repeatedly held a trial court must set out specifically the aggravating circumstances which it finds justifies the imposition of a sentence more severe than the presumptive sentence. *Limp v. State*, (1982) Ind., 431 N.E.2d 784; *Page v. State*, (1981) Ind., 424 N.E.2d 1021. This recitation cannot be a mere repetition of the factors set out in Ind.Code 35–4.1–4–7 which may be considered by the trial court when deciding on a sentence.

Here, the trial court considered a pre-sentence report and heard evidence from Dougherty, his wife and associates. Then, the trial court held:

THE COURT: Well, you know there's always a victim in these child molest cases and that's the little people. We have the little people victims from 1976 and I don't know what your behavior has been since then but this has been the second time you're in Court on a felony charge.

. . . .

. . . So I'm going to recognize two things. I'm going to recognize what the legislature thinks about these offenses, which again represents all the people of our state and I'm also going to recognize the fact that you're, no doubt, not the worse member of our community.

You've made some contributions which are usually considered as being productive. However, you've had your chance. You had your chance in 1976 and now we have at least two more victims as a result of you not dealing with your situation. Therefore, I'm going to find that your age is thirty-eight and find that there are aggravating circumstances that warrant an increase from the presumptive sentence of five years, which is what the legislature recommends, to six years. Such aggravation being your history and you (sic) either unwillingness or inability to deal with it and it really doesn't matter to the community either was (sic) because if you're unwilling to deal with it you have to be incarcerated and if you are unable to deal with it we still can't leave you out because we'd have more little victims if you are out, do you see? Consequently, I'm sentencing you to the Department of Corrections for a period of six years . . . .

We find this is a sufficient statement of the aggravating circumstances justifying the additional year of imprisonment over the prescriptive sentence.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.